## CAREY v. STATE OF INDIANA.

[No. 24,460.   Filed June 5, 1924.]

1. CRIMINAL LAW.—*Indictment in Two Counts.—Finding Guilty on One Count.—Effect.—*A finding of guilty on one count of an indictment charging robbery and larceny is an acquittal of the charge in the other count. p. 629.

2. LARCENY.—*Evidence of Guilt.—Sufficiency.—*In prosecution for larceny, evidence *held* not sufficient to show that accused stole, or participated in theft of, money from prosecuting witness. p. 629.

3. CRIMINAL LAW.—*Evidence of Guilt.—Presence when Crime Committed.—Statutes.*—Merely being present when another commits a crime is not enough to make a person guilty of the offense so committed, if he is not shown to have assisted in its commission nor to have counseled, encouraged, hired, commanded or otherwise procured it to be committed so as to make him an accessory before the fact as defined in §2095 Burns 1914, or to have conspired with his companion to commit it, and thus be guilty of conspiracy to commit a felony, as defined by §2647 Burns 1914. p. 629.

From Marion Criminal Court (54,814); *James A. Collins,* Judge.

Willie Carey and another were convicted of larceny, and the named defendant appeals. *Reversed.*

*Frank A. Symmes, Arthur R. Robinson, Garth B. Melson* and *Frank S. Roby,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *O. S. Boling,* for the State.

EWBANK, J.—An indictment in two counts was returned jointly against appellant and William Ford. The first count charged robbery, alleging that the defendants "feloniously, forcibly, by violence and putting in fear" stole $1.05 from the person by Cless Ferguson. The second count charged larceny, alleging that defendants "did feloniously take, steal and carry away" $1.05 belonging to said Ferguson. Being tried by the court, without a jury, both defendants were found "guilty of petit larceny in the second count of the indictment", and were sentenced to imprisonment at the Indiana State Farm for a term of one year. §2270 Burns 1914, Acts 1907 p. 86; §9926h Burns' Supp. 1921, Acts 1919 p. 81.

Appellant has taken a separate appeal, and has assigned as error the overruling of his motion for a new trial, by which he challenged the sufficiency of the evidence to sustain the finding. The prosecuting witness testified that he had known appellant fifteen years and

Ford ten or twelve years, and had been with them at different times; that at about one o'clock in the early morning, he was walking through Military Park, in the city of Indianapolis, on his way home from uptown; that he saw appellant and Ford, and spoke to them; that near an alley on West New York street, there was a bill board, "and Bill Ford and Willie Carey walked out as far as the curb and never opened his mouth; Bill Ford put his gun there, and said 'Give me what you got'. I had a paper bill and five cents, and he took it. I had fifteen cents in my vest pocket he didn't take. Willie Carey walked out toward the car track. They went on either side of the alley and I caught a car and went up to police headquarters and reported them. The $1.05 was my property. I was afraid of Ford. These matters occurred in Marion county on or about May 13, 1923. I did not say anything to Ford. He said, 'Give me what you got', and took the $1.05. He did not call me by name. Carey (appellant) did not say a thing, never opened his mouth. He walked out toward the car track." Other witnesses testified that Ferguson had given his dollar to Ford before they went to Military Park, as a contribution toward a fund for the purchase of some whisky which Ford went to obtain, and became angry when Ford told him that the bottle of whisky got broke, and after asserting that he was going to have his dollar, boarded the street car, and that appellant gave this account of the transaction when first arrested. There was an intimation that appellant had "a police record" known to the trial judge without being proved; and the prosecuting witness admitted that he had himself been twice convicted, and had served terms of imprisonment for grand larceny and for petit larceny, respectively.

Counsel for appellee insist that from the facts proved an inference might be drawn that when Ford made the

demonstration of force with a gun, as testified,
1. appellant was "standing by" to give assistance,
if that should be necessary, being present for
that purpose. But the defendants were not convicted
of robbery. On the contrary, the finding of guilt only
of larceny amounted to an acquittal of the charge of
having taken the money "forcibly, by violence and put-
ting (the owner) in fear." *Ward* v. *State* (1919), 188
Ind. 606, 607, 125 N. E. 397; *Beaty* v. *State* (1882), 82
Ind. 228, 229; *Harvey* v. *State* (1881), 80 Ind. 142, 144.

Being found guilty only of the lesser offense and not
guilty of robbery, we need not determine, whether the
evidence would have justified the suggested in-
2, 3. ference in deciding that appellant was guilty of
robbery, if the trial court had drawn it; but the
sole question presented for our consideration is whether
or not there was evidence to support an inference that
appellant stole or participated in stealing the money
from Ferguson, as alleged in the second count of the
indictment. Clearly there was not. The mere fact
that appellant was with Ford when Ferguson met and
spoke to them, and that he walked out to the curb and
then out toward the car track, and "never opened his
mouth" nor said anything when Ford took the money,
and that he and Ford then "went on either side of the
alley", as Ferguson boarded a street car, taken in con-
nection with the undisputed fact that the parties had
been acquainted for many years and had been together
at different times, fails to prove that he acted with a
felonious intent to assist Ford in stealing Ferguson's
money, or that he had any part in taking it away from
Ferguson. Merely being present when another com-
mits a crime is not enough to make a person guilty
of the offense so committed, if he is not shown to have
conspired with his companion to commit it, nor to have
assisted in its commission, nor to have counseled, en-

couraged, hired, commanded or otherwise procured it to be committed. §§2095, 2647 Burns 1914, Acts 1905 p. 584, §§224, 641; *Clem* v. *State* (1870), 33 Ind. 418, 432; *Wade* v. *State* (1880), 71 Ind. 535, 542.

The judgment is reversed, with directions to sustain the motion of appellant for a new trial.