## DOOLEY *v.* STATE OF INDIANA.

[No. 30,738. Filed November 3, 1965.]

Howard A. *King,* of Jasper, for petitioner.

John J. *Dillon,* Attorney General, and *Carl E. Van Dorn,* Assistant Attorney General, for respondent.

JACKSON, C. J.—This is an original action, being No. 30738 on the dockets of this Court, now sought in conjunction with and subsequent to the filing of an appeal from a judgment of the Dubois Circuit Court, being No. 30724 on the dockets of this Court, wherein petitioner was one of the defendants named in an affidavit charging the defendants with the crime of second degree burglary and automobile banditry. Petitioner was tried separately and as a result of such trial was convicted. The transcript and assignment of errors were filed on February 8, 1965.

Thereafter, on February 17, 1965, petitioner filed in the Dubois Circuit Court a verified petition for permission to file a belated motion for new trial, to which was attached such belated motion. Thereupon permission to file such petition was granted and the belated motion was filed. The Court overruled the belated motion for new trial, the record of such proceedings not being shown in the transcript of the record on file, for the reason that the same transpired after the transcript and assignment of errors were filed in this court.

On March 4, 1965, petitioner filed herein his application for Writ of Certiorari and leave to file additional assignment of errors. In substance petitioner seeks to have presented for consideration and determination by this court on appeal, the overruling of his belated motion for new trial, in which he, among other things, asserted that his brother and co-defendant, when produced as a witness for appellant on October 15, 1964, refused to testify as to any facts or circumstances relative to the commission of the crime with which petitioner was charged, on the grounds that by so doing he would incriminate himself. Petitioner further alleges in said belated motion that on January 29, 1965, said co-defendant subscribed and swore to an affidavit in which he is alleged to have averred that he, and he alone, was responsible for the felonious acts alleged in the affidavit charging petitioner and his co-defendant with the crime of second degree burglary and automobile banditry, and that petitioner had no knowledge of said crime or crimes and was in no way connected with the commission thereof. Said motion further alleges that said co-defendant is now ready and willing to testify for and on behalf of the petitioner and that such testimony by the said Jerry Dooley is relevant, material, and newly discovered.

The only issue before the court, that need be disposed of at this time, is with reference to the petition for certiorari. The respondent has filed its response in nineteen (19) para-

graphs, some of which are in admission and some in denial, and objects to the granting of the writ.

The respondent in effect argues that the action of the court below is discretionary. We take no issue with the statement on that proposition, but are of the opinion that such argument is not germane to the issue raised by the petition for the writ herein. No discretionary action of a trial court is immune from review and reversal if it is shown to be an abuse of discretion. *Soucie* v. *State* (1941), 218 Ind. 215, 31 N. E. 2d 1018.

The case of *Bowling* v. *State* (1942), 220 Ind. 497, 44 N. E. 2d 171, cited by the State, holds at page 500, "[t]o determine whether there has been such an abuse of discretion by the trial court, this court must be furnished with a record containing all of the evidence which the trial court considered."

Acceptance by this court of the State's argument in support of its motion to deny the writ of certiorari would deny this court access to the entire record at the time we consider the appeal on the merits. Respondent argues that petitioner is attempting to consolidate an appeal on the merits and a request for certiorari, and further alleges that the rule pertaining to the two actions are different and that the rules do not contemplate such consolidation. Rule 2-7 provides in pertinent part ". . . where on appeal two (2) or more actions involve a common question of law or fact, the Court to which the appeal is taken may, on its own motion or on petition, in its discretion, order a consolidation of any part or all the records or proceedings on appeal, in the furtherance of convenience and avoidance of unnecessary cost and delay."

It appears that the record in the court below, relative to the pleadings raised by the application for the writ of certiorari, now pending herein would be a proper matter of consideration in connection with the appeal herein and that the

consolidation as prayed for would probably save time and expense.

It is now therefore ordered that the Clerk of the Dubois Circuit Court certify to this court a transcript containing said petition to file belated motion, said belated motion, the orders and entries, and all proceedings relative thereto, that the same should be filed within not to exceed ninety (90) days from the date hereof and when so filed shall be consolidated with and made a part of the appeal herein.

Myers, Landis and Arterburn, JJ. concur. Achor, J., not participating.

NOTE.—Reported in 211 N. E. 2d 179.