## COTTON *v.* STATE OF INDIANA.

[No. 30,507. Filed November 5, 1965.]

*Don R. Money* and *Money, Orr & Bridwell,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Edgar S. Husted,* Deputy Attorney General, for appellee.

MYERS, J.—This is an appeal from judgment of the Marion County Criminal Court, Division Two, wherein appellant was sentenced to the Indiana State Prison for not less than two nor more than five years upon a finding and conviction of grand larceny and second degree burglary.

There were two other defendants, by name of Jack Lewis Dearing and Freddie Neal McKinney, who were charged jointly with appellant, by affidavit, with having committed the same offenses. All three were tried together before the court without the intervention of a jury and found guilty. Appellant duly filed his motion for new trial on the grounds that the finding of the court was not sustained by sufficient evidence and was contrary to law. The assignment of errors is based upon the overruling of the motion for new trial.

The evidence most favorable to the State reveals that on December 15, 1962, there was a store located at 5437 West Washington Street, in Indianapolis, Indiana, known as the Guarantee Automobile Store. It contained articles of personal

property, among which were two television sets and a stand. The manager had locked the doors of the store upon leaving it that evening at the close of business hours. He returned the following morning at 4:00 a.m. to find a Deputy Sheriff at the premises. The front door of the store had been pried open and the two television sets and stand were missing. It was established that their value was over $100.

Two Deputy Sheriffs were making a routine check of the shopping center where the store was located on December 16, 1962, around 3:40 a.m. In an alley they saw appellant and the other two defendants in a car leaving the rear of the store headed east with no headlights on. The officers turned on their red light. One of them stepped out of the police car in an attempt to halt the defendants, but they almost ran him down. The officers thereupon chased them at a high rate of speed for about a mile. The defendants lost control of their car and hit a telephone pole forcing them to stop. As the officers approached the automobile, they saw appellant and the two other defendants therein. Also in the back seat were the two television sets and stand. Appellant was in the passenger side of the front seat, defendant McKinney was driving the car, while defendant Dearing was in the back seat with the stolen goods. All three were placed under arrest on a preliminary charge of burglary.

After the three were out of the car, they were questioned by the Deputies. McKinney and appellant did not say anything then, but later talked to the officers. The substance of this conversation is not contained in the record. However, one of the officers, Philip Cress, stated that defendant Dearing told him that the television sets had come from the Guarantee Automobile Store on West Washington Street. The pertinent part of his testimony is as follows:

"Q. Did you have a conversation with any of the defendants in this case?

"A. I had conversation with Mr. Dearing.

"THE COURT: Who?

"A. Mr. Dearing.

"Q. Where and when?

"A. At Martha and Lynhurst, after the car was stopped.

"Q. Were the other defendants present?

"A. Yes, they were.

"Q. What was said?

"A. I asked Mr. Dearing where the television sets came from. He told me from the Guarantee Auto Store on West Washington.

"Q. Did he say how they came in their possession?

"A. He stated *they* had pried the front door open.

"Q. Who did he mean when he said *they*?

"A. McKinney, Cotton and Dearing.

"Q. Was this said in the hearing of all the defendants?

"A. In the presence, yes." (Our emphasis.)

On cross-examination, Deputy Cress stated that all three defendants were "altogether in a group of about three feet" when Dearing was being questioned, and that in his opinion they were "in hearing distance." Upon being asked if in fact Dearing told the officer that he, Dearing, "got the stuff himself," the answer was:

"He used the word 'we' " and he "repeated it several different times."

An attempt was made to show that Dearing was perhaps hard of hearing and might not have understood the question. But the Deputy said the reason Dearing repeated it so many times was because the Deputy wanted to make sure that Dearing heard him. At the time of questioning, Dearing was handcuffed.

Appellant testified on his own behalf. He said that he and McKinney had been drinking beer and whiskey all afternoon and evening; that Dearing had been with them earlier, but went to his home in the afternoon; that Dearing joined them about 2:00 a.m. on the morning in question; that they drove around and he, appellant, "passed out" in the car, that he had nothing to do with the matter and did not assist any one putting the property in the car; that he was under the influence of intoxicating liquor at the time of his arrest, and did not hear the officer interrogating Dearing.

Defendant McKinney testified on behalf of appellant, stating that he knew nothing about the burglary or larceny as he had been drinking all day until 2:00 o'clock in the morning. He admitted he had been driving the car, but said he was under the influence of alcohol. He further stated that he did not know how the property got in the rear of the car, but that Dearing had put it there; that he did not know where Dearing got it.

Defendant Dearing testified that on the morning in question, he and the other two defendants were sitting in the car about a block past the shopping center. They had been drinking. Dearing left the car at which time appellant had "passed out." Dearing pried open the door to the store building, using a tire tool, and took two television sets from the building which he put in the car. He identified the sets in the court room. He said his memory was not too clear due to heavy drinking all evening. He told McKinney to drive between the two buildings which was when the Deputy Sheriff saw them. Dearing stated that he alone took the stolen property and the others had nothing to do with it. He denied that he told the Deputy that the others were involved. At the time, he was out on bond from a charge of robbery, but at date of trial was serving a ten-year sentence at the Reformatory for the offense of being armed during the commission of a felony.

Appellant grouped into one argument the specifications of error in the motion for new trial that the finding of the court was not sustained by sufficient evidence and was contrary to law.

It is claimed that there is no evidence or testimony in the transcript that appellant was guilty of breaking or entering the Guarantee Automobile Store. Appellant attempts to take refuge in the testimony submitted by him denying that he had any part in the breaking and entering the store and stealing the television sets because he was under the influence of intoxicating liquor and "passed out" at the time. He argues that there was no knowledge or intent on his part merely

because he was on the scene of the crime at the time and place.

First, we shall take up the matter of drunkenness as a defense. The general rule is that it is no excuse for the commission of a crime. *Dobbs* v. *State* (1957), 237 Ind. 119, 124, 143 N. E. 2d 99. It may be considered where a specific intent is involved, but that is a question of fact to be determined by the jury or court trying the case upon a consideration of all the evidence. *Booher* v. *State* (1901), 156 Ind. 435, 446, 60 N. E. 156. Here, the court which tried the case and heard the witnesses did not find there was sufficient evidence to relieve appellant of intention to commit a crime due to intoxication.

The testimony of Deputy Cress as to his conversation with Dearing set forth above herein was to the effect that Dearing had said "they," meaning appellant and the two other defendants, had pried open the front door of the store. Deputy Cress stated that Dearing used the word "we" several times in connection with the commission of the crime. An attempt was made to show Dearing may have misunderstood the question because of an impediment in his hearing. The only proof of this was a statement by Dearing at the commencement of his direct examination that he heard best out of his right ear, and a remark made by the Judge that he then noticed Dearing was hard of hearing. No medical testimony was offered to support this. From this evidence, the court could have inferred the essential element of intent.

Appellant argues that proof of his presence at the scene of the crime is not sufficient evidence to convict him of participation in the crime. He cites as authority Burns' Ind. Stat., § 9-102, 1956 Replacement; *Guetling* v. *State* (1927), 198 Ind. 718, 153 N. E. 765; and *Carey* v. *State* (1924), 194 Ind. 626, 144 N. E. 22. Unquestionably, this is the general rule. However, the trier of facts may consider such presence in connection with other circumstances in determining the guilt of the party involved. Even if there

were no active participation in the commission of the crime, failure to oppose it at the time, companionship with another engaged therein, and a course of conduct before and after the offense are such circumstances as may be considered in determining whether aiding or abetting may be inferred. *Mobley* v. *State* (1949), 227 Ind. 335, 344, 85 N. E. 2d 489; *Mattingly* v. *State* (1952), 230 Ind. 431, 104 N. E. 2d 721.

When the fleeing automobile was finally stopped, appellant was in the front seat and the stolen property was in the back seat. It is the rule that unexplained possession of recently stolen property constitutes a circumstance from which a court may draw an inference of guilt. *Schweigel* v. *State* (1964), 245 Ind. 6, 195 N. E. 2d 848; *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347; *Green* v. *State* (1960), 241 Ind. 96, 99, 168 N. E. 2d 345. The fact that appellant was in the front of the car and the stolen goods were in the back does not take this case outside the general rule. *Schweigel* v. *State, supra.*

Appellant submits that there was error in admitting the testimony of Deputy Sheriff Cress concerning his conversation with defendant Dearing implicating appellant in the burglary. He says the rule is that when a common enterprise is at an end, no one of the conspirators can make a declaration of his own which can affect the others, and that such a declaration can affect no one but himself and is not admissible in evidence against the others, citing as authority *Walls* v. *State* (1890), 125 Ind. 400, 402, 25 N. E. 457, and *Marjason* v. *State* (1948), 225 Ind. 652, 75 N. E. 2d 904.

When this testimony was offered by the State during the trial, appellant made no objection. Whether or not error was committed cannot be considered by this court because of such failure.

"Error cannot be predicated upon the admission of evidence if no objection is made thereto." Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, *Exclusion of Evidence*, Ch. 36, § 1993, P. 484; *White* v. *State* (1955), 234 Ind. 193, 125 N. E. 2d 442; *Denson* v. *State*

(1960), 240 Ind. 324, 163 N. E. 2d 749; Ewbanks Indiana Criminal Law, Symmes Edition, *Evidence,* Ch. 19, § 379, p. 231.

We have come to the conclusion that the court could have inferred appellant's guilt from the evidence presented herein and that no error was committed.

Judgment affirmed.

Arterburn and Landis, JJ., concur. Jackson, C. J., concurs in result with opinion to follow. Achor, J., not participating.

## SEPARATE OPINION

JACKSON, J.—The questions raised or attempted to be raised by this appeal in the main are directed to the admissibility and/or weight of the evidence adduced by the State.

The majority opinion sufficiently delineates the factual situation present in the case at bar.

The legal questions presented are either within the discretionary area allowed the court or are directed to the weight of the evidence, and hence are subject to review only for the purpose of determining whether or not there was an abuse of discretion or that reversible error had been committed. We do not weigh such evidence, that is the function of the trier of the facts.

In the case at bar the trial was to the court. A review of the evidence discloses that considering, as we must on appeal, only that evidence most favorable to appellee, there was no abuse of discretion and no reversible error committed in the admission or exclusion thereof. *Dooley* v. *State* (1965), 247 Ind. 43, 211 N. E. 2d 179; *Music* v. *State* (1959), 240 Ind. 54, 161 N. E. 2d 615; *In re State Bd. of Accounts, etc.* v. *Holovachka etc.* (1957), 236 Ind. 565, 142 N. E. 2d 593; *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 12 N. E. 2d 752.

The judgment of the court should be and is affirmed.

NOTE.—Reported in 211 N. E. 2d 158.