RONALD JEFFREY SIMMONS v. STATE OF INDIANA.

[No. 1073S204. Filed August 21, 1974.]

*Duge Butler, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Appellant was convicted by a jury of the crime of Second Degree Murder. The sole issue raised by this appeal is the sufficiency of the evidence. The evidence is that on December 2, 1972, Appellant and Jimmy Ray Cambron were drinking and driving around South Bend. In the late afternoon they were joined by the decedent, Homer C. Baumgartner, an older man who was an acquaintance of Appellant. Baumgartner wanted to cash a pension check. He was unable to find a place to cash the check. Instead, he bought liquor on credit. The three men returned to Baumgartner's house to drink. Baumgartner apparently said something that angered the Appellant. Appellant struck Baumgartner in the mouth and kicked him in the chest. Baumgartner rolled out of his chair on to his back. Appellant ran into the bedroom and took a gun and some other articles. As this was happening, Cambron was striking Baumgartner about the head numerous times with a meat tenderizer. Appellant said, "Let's go," and he and Cambron left the house. Appellant had taken something, either a wallet or a key case, from the beaten man's pocket. Appellant also admitted to having gotten possession of the pension check which he later burned. Appellant and Cambron left Baumgartner's house in Appellant's automobile. After picking up hitchhikers, they threw some of Baumgartner's possessions from the car as they

drove along. Appellant himself threw away the meat tenderizer. When interviewed originally by the police, Appellant denied any knowledge of the incident, but soon gave to the police these facts which were related at the trial by—for the most part—the police officers to whom Appellant spoke.

Appellant's argument is that he did not kill Baumgartner since medical testimony disclosed that Baumgartner died from the blows to his head of the meat tenderizer wielded by Cambron. Furthermore, according to Appellant, the jury could not have found Appellant guilty as an accessory before the fact because "There is absolutely no evidence of any overt act or words from which it can be presumed that Simmons and Cambron confederated to commit any act." Our accessory statute, which was read to the jury as Trial Instruction No. 12, reads as follows:

> "9-102 Accessory before the fact.—Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal.
> (acts 1905, ch. 169, Sec. 244, P. 584.)"

IC 1971, 35-1-29-1 [*Burns Ind. Ann. Stat.* § 9-102 (1956 Repl.)].

Appellant suggests that a pre-conceived scheme or plan must be proved. This is not necessarily true; mere concerted action or participation in the illegal acts is sufficient. *White* v. *State* (1941), 219 Ind. 290, 37 N.E.2d 937; *Breaz* v. *State* (1938), 214 Ind. 31, 13 N.E.2d 952. Moreover, in reviewing this sufficiency of the evidence issue we are bound to follow the oft-stated principle that we do not weigh the evidence, but instead look to the evidence most favorable to the state and the reasonable inferences to be drawn therefrom. The conviction will be affirmed if, from

that point of view, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the Appellant was guilty beyond a reasonable doubt. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686; *Riner* v. *State* (1972), 258 Ind. 428, 281 N.E.2d 815. In this case the Appellant instigated the assault. He was the first to hit the deceased. And while his companion completed the assault, he participated in a robbery of some of decedent's effects.

Appellant further urges upon us the rule that mere presence at the scene of the crime is not sufficient to allow an inference of participation. *Guetling* v. *State* (1927), 198 Ind. 718, 153 N.E. 765; *Carey* v. *State* (1924), 194 Ind. 626, 144 N.E. 22. While this is the general rule, presence in connection with other circumstances is relevant. Companionship with one engaged in a crime, and a course of conduct before and after the offense may be considered in determining whether aiding or abetting may be inferred. *Cotton* v. *State* (1965), 247 Ind. 56, 211 N.E.2d 158; *Mattingly* v. *State* (1952), 230 Ind. 431, 104 N.E.2d 721; *Mobley* v. *State* (1949), 227 Ind. 335, 85 N.E.2d 489. The facts in this case clearly warrant an inference that Appellant "aided" and "encouraged" the homicide.

The judgment of the trial court is affirmed.

ALL JUSTICES CONCUR.

NOTE.—Reported at 315 N.E.2d 368.