TOMMIE YOUNG *v.* STATE OF INDIANA

[No. 3-477A94. Filed March 28, 1978. Rehearing denied May 5, 1978. Transfer denied August 14, 1978.]

*Daniel L. Toomey*, of Gary, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Daniel Lee Pflum*, Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Tommie Young, along with co-defendants Larry Wright and Pervies Lane, were charged by information with the offense of robbery.[1] Appellant was convicted as charged and sentenced to the Indiana Department of Correction for a period of not less than ten nor more than 25 years.

On appeal appellant contends that the trial court erred in denying his motion for discharge and that the evidence is insufficient to permit a reasonable trier of fact to find the appellant guilty of the crime charged beyond a reasonable doubt.

Appellant first contends that he was entitled to discharge pursuant to the speedy trial provisions of Indiana Rules of Procedure, Criminal Rule 4(B)(1). The record discloses that appellant made an oral demand for a speedy trial during his preliminary appearance in court on August 19, 1976. Appellant was arraigned on September 3, 1976, along with his co-defendants Pervies Lane and Larry Wright. The attorney appointed to defend appellant was not present at the arraignment but was represented by another attorney. During the course of the arraignment, the trial judge advised appellant that he had attempted to set trial within the 70-day time frame of the speedy trial rules, but that the attorneys for the co-defendants had conflicts on the available trial dates. The judge then asked appellant if he had any objection to a trial date of November 1, which was a few days

---

1. IC 1971, 35-13-4-6 (Burns Code Ed.). This section was repealed by Acts 1976, P.L. 148, § 24, effective October 1, 1977. For current law, see IC 1971, 35-42-5-1 (1977 Burns Supp.).

beyond the 70-day period. Appellant responded that he would have to talk with his attorney.

At the Omnibus Hearing on October 8, 1976, appellant's counsel objected to the November 1 trial date. In overruling the objection, the trial court stated that it tried to set the matter within the prescribed time period but that counsel for the co-defendants found conflicts in their trial calendars with the two or three available trial dates. Accordingly, a November trial date was set because it would otherwise make for a congested trial docket.

On November 1, 1976, appellant filed a motion for discharge which was denied by the trial court.

Criminal Rule 4(B)(1) provides as follows:

"If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule."

In the case at bar, appellant Young and his co-defendants Wright and Lane were joined for trial in the same information. Appellant moved for a speedy trial. The trial court was unable to set trial within the requisite time period because the attorneys for the co-defendants could not agree on a trial date consistent with the court's openings. Accordingly, trial was set a few days beyond the 70-day limit.

Appellant did not challenge the propriety of a joint trial nor move for a separate trial. IC 1971, 35-3.1-1-11(b) (Burns Code Ed.), makes provisions for separate trials of joint defendants in certain instances. One of these instances is when the co-defendant has made an out-of-court statement which makes reference to the moving defendant but is not admissible against him.

"In all other cases, *upon motion of the defendant or the prosecutor*, the court shall order a separate trial of defendants whenever the

court determines that a separate trial is necessary to protect a defendant's right to a speedy trial or is appropriate to promote a fair determination of the guilt or innocence of a defendant." (Emphasis added.). *Id.*

The appellant did not move for a separate trial. The statute does not impose upon the court a duty to order a separate trial *sua sponte.* Accordingly, the trial court did not err in denying appellant's motion for discharge.

Appellant next contends that the evidence is insufficient to support the verdict. The evidence and reasonable inferences most favorable to the State disclose that at approximately noon on August 11, 1976, the Walgreen's Drug Store in Gary, Indiana, was held up. Atheldria Givens, a clerk, was standing at her cash registar when she noticed three men, one of whom was appellant Young, walking down the street in front of the drug store. Approximately five minutes later these same three men entered the store. Defendant Larry Wright positioned himself near Givens' cash register; appellant Young stationed himself near the middle register by the liquor counter; and defendant Pervies Lane went to the pharmacist's counter.

Givens proceeded to ask a customer if she could be of assistance. The customer said that he was "just looking." Defendant Wright stated, "You can help me, baby," and then said, "Give me your money," and opened his jacket displaying his revolver. Wright ordered Givens to remove all the bills from her cash register and place them in a brown paper bag.

During this time appellant Young stood at the liquor counter looking from Givens to the pharmacist.

After Givens handed Wright the bag of money, she observed the third man (defendant Lane) coming from the pharmacist's counter pushing a shopping cart with money bags inside it. The pharmacist-manager of Walgreen's, Anthony Tsikovris and the bookkeeper, Augustine Turrell were in front of Lane. They went toward the safe. Lane then told everyone in the front of the store to lay on the floor. As Lane was coming toward the front of the store, he passed by appellant Young who then followed afterwards. Appellant did not display a weapon nor say anything during the holdup.

Barbara Ellis, a cashier at Walgreen's, was preparing to commence work when she noticed Givens taking the money from the cash drawer and putting it inside a paper bag. She turned, intending to tell the manager what was happening when she was met by the manager, the bookkeeper and defendant Lane. Lane ordered her to turn around and go back. Ellis turned and walked toward the safe. Lane then ordered everyone to lie down. The manager opened the safe and Lane, who had a gun, took the money. She then observed the three men walk out of the store together.

The three men were arrested shortly thereafter at the Brunswick Community Center. Pervies Lane was arrested at the northeast corner of the center. A search of his person revealed approximately $500 stuffed in the front and rear pockets of his trousers. Larry Wright, who worked at the community center, was arrested just inside the storeroom. A search of the storeroom revealed some car keys, a paper bag containing a loaded gun and a money bag containing approximately $200. Appellant was arrested walking out of the south entrance of the community center. When appellant saw the police officer, he hesitated momentarily and then continued walking.

Appellant contends that such evidence is not sufficient to support the verdict, asserting that the evidence discloses no more than presence at the scene of the crime, *Guetling v. State* (1926), 198 Ind. 718, 153 N.E. 765; *Carey v. State* (1924), 194 Ind. 626, 144 N.E. 22; companionship with the perpetrators of the crime, *Amaro et al. v. State* (1968), 251 Ind. 88, 239 N.E.2d 394; and negative acquiesence to the commission of the crime, *Mattingly v. State* (1952), 230 Ind. 431, 104 N.E.2d 721.

While mere presence at the scene of the crime is not itself sufficient to allow an inference of participation, such presence may be considered with other evidence in determining guilt. Thus the trier of fact may infer participation from appellant's failure to oppose the crime, companionship with another engaged therein, and a course of conduct before and after the offense. *Simmons v. State* (1974), 262 Ind. 300, 315 N.E.2d 368; *Cotton v. State* (1965), 247 Ind. 56, 211 N.E.2d 158; *Mobley v. State* (1949), 227 Ind. 335, 85 N.E.2d 489; *Bigbee v. State* (1977), 173 Ind. App. 462, 364 N.E.2d 149. In determining whether there is substantial evidence of probative value to support

the verdict, each case must be reviewed on its own facts. *Pace v. State* (1967), 248 Ind. 146, 224 N.E.2d 312. The evidence in the case at bar discloses that appellant and his two co-defendants were observed together outside Walgreen's Drug Store approximately five minutes before the robbery occurred; the three men entered the drug store together, Larry Wright positioning himself near the cash register at the front of the store, Pervies Lane approaching the pharmacist's counter and appellant Young positioning himself near the liquor counter so that he could observe both the front cash register and the pharmacist's counter; as Pervies Lane forced the pharmacist-manager and the bookkeeper toward the front of the store at gunpoint, appellant Young followed behind Lane; appellant and his two co-defendants left the drug store together; and a short time afterwards all three were arrested at the Brunswick Community Center. Such evidence was sufficient to permit a trier of fact to find appellant guilty of the crime charged beyond a reasonable doubt.

Accordingly, the judgment of the trial court must be affirmed.

Affirmed.

Staton, J. and Buchanan, C.J., participating by designation, concur.

NOTE—Reported at 373 N.E.2d 1108.