WILLIAM E. HOWARD *v.* STATE OF INDIANA.

[No. 977S684. Filed June 26, 1978.]

*Mark Peden, Foley, Foley & Peden,* of Martinsville, for appellant.

*Theodore L. Sendak,* Attorney General, *David Michael Wallman,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of entering to commit a felony, second degree burglary and safe burglary. Following trial, a separate hearing was had to determine whether or not appellant was also an habitual criminal. After finding that he was an habitual criminal, the court sentenced appellant to life imprisonment.

The facts most favorable to the State show that in the early morning hours of December 8, 1975, appellant and one Charles Humphrey, were discovered attempting to pry open a safe in the McDonald's Restaurant in Mooresville, Indiana. They were taken into custody and appellant was charged and arraigned the same day. On September 21, 1976, the State filed a motion to amend the information by adding an habitual criminal count. The motion was granted on December 9. Appellant was arraigned on this count on March 17, 1977, and

trial was commenced. He contends the trial court erroneously overruled his motion to dismiss the habitual criminal count because it was a matter of substance added after arraignment.

IC § 35-3.1-1-5 [Burns 1975] provides that an information may be amended at any time before, during or after trial so long as it does not prejudice the substantial rights of the defendant. Three months after the motion to amend was granted appellant was arraigned on the habitual criminal charge. The trial court held a bifurcated trial in complete accordance with the requirements of *Lawrence* v. *State*, (1972) 259 Ind. 306, 286 N.E.2d 830. The record in this case discloses that appellant was given adequate time to prepare a defense and that his rights have not been prejudiced. Furthermore, the habitual criminal statute, IC § 35-8-8-1 [Burns 1975], does not impose punishment for a separate crime but provides a more severe penalty for the crime charged. *Swinehart et al.* v. *State*, (1978) 268 Ind. 460, 376 N.E.2d 486; *Eldridge* v. *State*, (1977) 266 Ind. 134, 361 N.E.2d 155. We therefore hold that the trial court was correct in permitting the information to be amended in that the new charge was not, by law, a separate crime and did not prejudice the substantial rights of the appellant.

Appellant also contends it was improper for the prosecutor to use the threat of habitual criminal charge as an inducement to appellant to accept a proposed plea bargain. This issue was recently decided by the United States Supreme Court in *Bordenkircher* v. *Hayes*, (1978) 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604. In that case the Court held it was a proper exercise of the prosecutor's discretion to use the threat of filing an habitual criminal charge as part of the plea bargain negotiations so long as there was probable cause to believe the accused committed the offense. The *Bordenkircher* case is in accord with this State's view of the practice of plea bargaining. We therefore hold the trial court did not err in overruling appellant's motion to dismiss.

Appellant next contends the trial court erred in overruling

his motion for change of venue. CR. 12 gives the trial court discretion to grant changes of venue in non-capital cases. Here there was no abuse of discretion. The appellant submitted only one newspaper articles and claimed this clearly was prejudicial. However the article is no more than a common news story and fails to show a "pattern of deep and bitter prejudice." *Irvin* v. *Dowd*, (1961) 366 U.S. 717, 727, 81 S.Ct. 1639, 1645, 6 L.Ed.2d 751, 759. The trial court did not err in denying a change of venue. *McFarland* v. *State*, (1975) 263 Ind. 657, 336 N.E.2d 824.

Appellant next argues there was reversible error in permitting him to be absent from the trial. Though a criminal defendant has a fundamental right to be present at his trial this right can be waived by a defendant. *Harris* v. *State*, (1967) 249 Ind. 681, 231 N.E.2d 800. In the case at bar, appellant expressly stated he did not wish to remain at the trial on the habitual criminal hearing. His attorney discussed this matter with him later and reported to the court that appellant had not changed his mind. Thus there was no error in permitting the trial to proceed without the presence of the appellant.

Appellant contends there is insufficient evidence to support the verdict. This Court, on appeal, will look only to the evidence most favorable to the State and all reasonable inferences therefrom and will affirm the conviction if there is substantial evidence of probative value from which the jury could reasonably have inferred appellant was guilty. *Tewell* v. *State*, (1976) 264 Ind. 88, 339 N.E.2d 792. The jury may consider appellant's companionship with another person engaged in a crime and his conduct before and after the offense in determining whether appellant aided and abetted the commission of that crime. *Wright* v. *State*, (1977) 266 Ind. 327, 363 N.E.2d 1221. Proof that there was concerted action or participation in the illegal acts is sufficient to satisfy the State's burden of proof. *Simmons* v. *State*, (1974) 262 Ind. 300, 315 N.E.2d 368. The evidence in this

case is that the maintenance man from the McDonald's Restaurant arrived at about 2:00 a.m. on December 8, 1975, and heard sounds inside the building. He summoned two police officers to the restaurant. Officer Ditton saw appellant and Humphrey in the building. Humphrey was pounding on the safe and appellant was standing behind him. Both surrendered to the police and a crowbar and a hammer were found hidden near the safe. From this evidence the jury could reasonably have inferred that appellant had committed or aided and abetted the commission of the crimes charged.

The judgment of the trial court is in all things affirmed.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—In deciding whether to conduct all or part of a criminal trial in the absence of the accused, the court is governed by the Sixth Amendment to the United States Constitution, Article 1, section 13 of the Indiana Constitution and by Ind. Code § 35-1-28-1, (Burns 1975) which provides that:

"No person prosecuted for any offense punishable by death, or by confinement in the state prison or county jail, shall be tried unless personally present during the trial."

Even if appellant's claim that the trial court erred in conducting the trial in his absence can be satisfactorily resolved insofar as it is based upon the constitutions, by resort to federal and state waiver principles, that claim cannot be so resolved by resort to those same principles insofar as it is based upon the above statute. In *Miles* v. *State,* (1944) 222 Ind. 312, 53 N.E.2d 779, this Court traced the common law background of the statute and concluded that the statute did more than merely guarantee a personal privilege of the accused. It sought to further the interest of society and the judiciary in the fairness and appearance of fairness of criminal trials. After reciting that the right of trial by jury to counsel and to be confronted by the witnesses may be waived,

the court in making reference to the statute in its opinion said:

> "If the statute, which is declaratory of the commonlaw practice, is to be given greater force even than these constitutional privileges it must be because of a public interest to be found behind the rule. We have already suggested the possibility that the common-law judges found that interest in forestalling contentions of prejudicial proceedings in accused's absence. We see no reason why that same public interest does not now exist. Insistence upon the regularity of the proceedings gives stability to the criminal jurisprudence." 222 Ind. at 317, 53 N.E.2d at 781.

The trial of a person who is not personally present demeans public confidence in the fairness of our system of criminal justice. The statute seeks to prevent this loss of public confidence. Accordingly, I would hold that such trials are not permitted even if the accused freely and voluntarily chooses to be tried *in absentia,* unless absolute necessity, such as that presented by the conduct of the defendant which threatens serious disruption of the proceedings, requires his absence.

NOTE.—Reported at 377 N.E.2d 628.