**Dewane F. POWELL, Petitioner-Appellant,**

v.

**STATE of Indiana, Respondent-Appellee.**

No. 3–983A302.

Court of Appeals of Indiana, Third District.

May 23, 1984.

Susan K. Carpenter, Public Defender, Hector Flores, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

Dewane Powell was charged with burglary, a Class B felony. IC 35–43–2–1. Class B felonies carry a presumptive sentence of ten (10) years, with not more than ten (10) years to be added for aggravating circumstances or more than four (4) years subtracted for mitigating circumstances. IC 35–50–2–5.

At some time, apparently about two weeks, before trial the state offered to

recommend an eight year sentence in exchange for a guilty plea to the offense charged. According to Powell's brief he refused the offer and decided to go to trial.

After the first morning of trial the state advised Powell through counsel that in exchange for a guilty plea it would recommend a nine year sentence. During the afternoon session Powell indicated his willingness to accept this offer and the state agreed.[1] The parties then indicated to the court that Powell wished to change his plea. In the proceeding that followed the court carefully advised Powell of his rights, advised him (actually five times) that the court was not bound by the recommendation[2] and what the sentencing range was under the statute. Powell indicated that he understood, that he wanted to plead guilty, and that he had in fact committed the offense charged. The court then accepted the plea and ordered a presentence investigation. Subsequently, Powell moved to withdraw his plea. The motion was denied and he was sentenced to a nine year term as requested in the plea agreement.

■ Powell then petitioned for post conviction relief asserting that his plea was not voluntary and that the prosecutor's tactic of increasing the penalty he proposed to recommend when the first offer was not accepted constituted coercion. This appeal ensues from the trial court's action denying relief.

The initial question concerns situations where an accused has either rejected a proffered plea agreement or where the offer of such an agreement has expired. Under such circumstances does it, as a matter of law, constitute coercion for the state to offer, or embark upon a course of offering, further plea agreements which in each instance are less favorable to the accused than what was previously acceptable to the state?

In *Bordenkircher v. Hayes* (1978), 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604, the Supreme Court formally acknowledged the practical legitimacy of the plea bargaining process. In so doing it rejected the assertion that the State of Kentucky engaged in vindictive prosecution in violation of the due process clause when it carried out a threat made during plea negotiations to charge the defendant as an habitual criminal if the case went to trial. The court's discussion of the plea negotiation process is instructive. It recognized that in the "give-and-take" of plea bargaining there is no element of punishment or retaliation so long as the accused is free to accept or reject the state's offer. 434 U.S. at 364, 98 S.Ct. at 668. The Court then stated:

"While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible—'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.' *Chaffin v. Stynchcombe, supra,* 412 U.S. [17] at 31, 93 S.Ct. [1977] at 1985 [36 L.Ed.2d 714]. It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty."

Indiana adopted this view of the plea bargain process in *Howard v. State* (1978), 268 Ind. 589, 377 N.E.2d 628, 629–30.

We find the process here described to be within the legitimate ambit of the prosecutor's discretion in utilizing the bargaining process. Two of the goals served by plea negotiation are the savings of time and expense for the court, the prosecutor's office, the jurors and the witnesses that may be effected thereby. It follows that the

---

1. Powell asserts the state expressed some reservations since by then additional witnesses had testified. We need not consider this allegation, however, since admittedly the state agreed to stand by its offer.

2. The plea agreement was not in writing. *See* IC 35–35–3–3.

prosecutor has a legitimate concern in promoting early disposition and that this element in the negotiation process diminishes in value as the preparation and the trial, itself, actually proceed. We conclude that neither the fact of a subsequent offer less advantageous to the accused, nor the process of making such offers constitutes "improper coercion"[3] or impinges upon the accused's right to due process.

 Turning then to the general assertion that Powell's plea was nevertheless involuntary, we note that under the applicable statute[4] permitting withdrawal of the plea was committed to the trial court's discretion and Powell had the burden of establishing his grounds for relief. He is thus in the posture of one appealing from a negative judgment. *Neville v. State* (1982), Ind., 439 N.E.2d 1358.

Apart from the issue already discussed, we have no difficulty in determining that Powell failed to meet his burden. He admits the court thoroughly advised him of the rights he would waive by pleading guilty. In view of the court's careful and extensive examination and explanation of the sentencing alternatives and their potential impact, and the detailed establishment of the factual basis supporting the plea, Powell's assertions that he did not understand and that he did not commit the offense are wholly lacking in credibility.

No error was committed.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.

---

**3.** *See James v. State* (1982), Ind., 433 N.E.2d 1188, 1190, recognizing some but/for causation as not constituting coercion.

**4.** IC 35–4.1–1–6 [Repealed]. For present law, see IC 35–35–1–4.