Briddie Junior JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 684S255.

Supreme Court of Indiana.

March 27, 1986.

Jerry E. Levendoski, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Briddie Junior Johnson was convicted after a jury trial of aiding a robbery, a class A felony, and attempted robbery, a class C felony. He was also found to be an habitual offender. The court imposed concurrent sentences of forty years and eight years, respectively, for the present felony convictions, and thirty years for the habitual offender determination.

Appellant raises two issues in this direct appeal:

(1) Whether the evidence sufficed to sustain his conviction as an accessory to robbery, and,

(2) Whether the verdict for accessory to robbery was contrary to law.

These are the facts which tend to support the trial court's judgment. On December 10, 1982, Johnson, Phillip Lee, and Charles Smith discussed their need for money and decided to go out and rob somebody. After obtaining a .32 caliber pistol they proceeded to a particular restaurant suggested by Smith. Lee parked the car in the restaurant parking lot and the three men then waited for the arrival of a potential victim. Brenda Chandler drove into the lot and then sat in her parked car for a few moments. Chandler was chosen as the target. Chandler finally exited her car and joined Carmen Zink who had just parked her car in the same lane, and the two women walked toward the restaurant where their employer was hosting a Christmas party.

The men had agreed that appellant would grab Chandler's purse and then meet the others at a prearranged spot for the getaway. Appellant left the car headed towards Ms. Chandler and Smith left the car a few moments later and joined appellant in some bushes. Smith headed towards Ms. Zink. Appellant grabbed Chandler and a struggle ensued. Both Chandler and appellant froze when they heard a gunshot. Smith had shot and killed Zink. He grabbed her purse and then ran. Both Smith and appellant ran to meet Lee, who had the getaway car parked at the prearranged locale. Appellant claims that he knew Smith had a gun but did not actually see the gun until after the robbery had been committed. The men went to the home of Lee's sister and examined the contents of Zink's purse, which only contained one dollar and some credit cards.

### I. Sufficiency of the Evidence

Appellant argues that the evidence is insufficient to establish that he aided or induced Smith in the robbery of Zink. He acknowledges that he attempted to rob Chandler pursuant to their plan. He maintains that they never discussed the robbery of another woman and that Smith acted on his own accord when he robbed and killed Zink. Essentially, appellant claims that he can not be held criminally responsible for the robbery of Zink since Smith's actions were beyond the scope of their plan.

When confronted with a sufficiency of the evidence issue, this Court neither weighs the evidence nor judges the credibility of witnesses. Rather, we consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt, then the judgment must be affirmed. *Collier v. State* (1984), Ind., 470 N.E.2d 1340.

Appellant would have us limit the scope of accessory liability to a confederate's actions which were expressly discussed and agreed upon when they planned the crime. However, an accomplice is criminally liable for the acts done by his confederates which were a probable and natural consequence of their common plan, even though the acts may not have been originally intended as part of their plan. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214; *Cary v. State* (1984), Ind., 469 N.E.2d 459. Moreover, a preconceived plan need not be proved: concerted action or participation in illegal acts is sufficient. *Simmons v. State* (1974), 262 Ind. 300, 315 N.E.2d 368. Factors considered in the determination of whether aiding or abetting may be inferred include the following:

(1) presence at the scene of the crime,

(2) companionship with another engaged in a crime,

(3) failure to oppose commission of the crime, and

(4) the course of conduct before, during, and after the occurrence of the crime.

*Harris v. State* (1981), Ind., 425 N.E.2d 154.

The evidence recited above is sufficient to show that appellant was an accessory to Smith in the robbery of Zink.

## II. Verdict Contrary to Law

Appellant's argument that the jury verdict for accessory to a robbery is contrary to law is predicated upon two claims:

(1) the robbery statute does not allow a class A felony to be based upon the death of another person, and,

(2) the jury verdict rendered on this robbery count essentially and erroneously convicts him for the death of Zink for which he was acquitted for in the accessory to felony-murder count.

Appellant was initially charged with four counts. Count I charged appellant with being an accessory to a felony-murder, that is, the killing of Zink during the course of a robbery. Count II charged that he was an accessory to the robbery of Zink and caused "bodily injury to said Carmine D. Zink, to wit: a gunshot wound." Appellant was charged with the attempted robbery of Brenda Chandler in Count III and with being an habitual offender in Count IV. The jury found him not guilty on Count I and found for the State on the other three counts.

At the time of the crime, robbery was a class A felony when bodily injury or serious bodily injury was inflicted upon any other person. Ind.Code § 35–42–5–1 (Burns 1979 Repl.). Serious bodily injury had been defined to include injuries which caused death. Ind.Code § 35–41–1–2 (Burns 1979 Repl.).

Had appellant been charged and convicted of aiding a robbery which resulted in serious bodily injury to another person, his conviction would be proper. However, the information charged that the robbery resulted in bodily injury, namely a gunshot wound. Yet, the jury verdict found appellant guilty of "aiding a robbery which resulted in serious bodily injury, to wit, death of Carmen Zink."

■ An information should embody the material elements of the crime charged.

Ind.Code § 35–34–1–2. The offense charged in the indictment must be stated with such certainty that the accused, the court, and the jury may determine the crime for which conviction is sought. The purpose of this requirement is to enable the accused to prepare a defense and to assure he will not twice be put in jeopardy for the same crime. Blackburn v. State (1973), 260 Ind. 5, 291 N.E.2d 686. In addition, several consequences may flow incidentally from the judgment which is rendered by the court. In this case, a robbery sentence which is predicated upon bodily injury is suspendable while one which is predicated upon serious bodily injury is nonsuspendable. Ind.Code § 35–50–2–2(a)(2) (Burns 1979 Repl.).

■ Of course, appellant did have notice that preparation for his defense should encompass the death of Zink since he was initially charged with being an accessory to a felony-murder. Moreover, the imposition of an enhanced sentence indicates that appellant was not deemed to be a potential candidate for a suspended sentence. Accordingly, we do not see any apparent prejudice from the discrepancy between the charging instrument and the jury's finding. We order that the judgment for Count II, aiding robbery, be amended by the trial court to reflect that appellant's conviction was based upon bodily injury.

■ This conviction is in error for a second reason. The trial court imposed a thirty year sentence for the habitual offender finding and ordered this "sentence to run consecutively to the sentences on Counts II and III." An habitual offender penalty is not imposed as consecutive to the sentence imposed for the underlying felony conviction. Rather, this penalty is an enhancement of the sentence imposed for the present conviction. Edwards v. State (1985), Ind., 479 N.E.2d 541. When there are two or more underlying felony convictions, the trial judge must specify which felony is being enhanced by the habitual offender finding. Plummer v. State (1985), Ind., 485 N.E.2d 1367.

Accordingly, this cause is remanded with instructions to correct the judgment for aiding robbery. The trial court is further ordered to specify which of the underlying felonies is to be enhanced by virtue of the habitual offender determination. Otherwise, the judgment is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.