Russell Andre **PERRAULT**, Appellant
(Defendant below),

v.

**STATE of Indiana**, Appellee
(Plaintiff below).

No. 485S140.

Supreme Court of Indiana.

March 27, 1986.

John W. Doehrman, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Russell Andre Perrault was convicted of Robbery, a class C felony, Resisting Law Enforcement, a class A misdemeanor, and was found to be an habitual offender, on August 30, 1984, by a jury in the Clark Circuit Court. On September 24, 1984, Appellant was sentenced to serve five years for the robbery conviction, to which an additional term of thirty (30) years was added for being found an habitual offender. The Court found the charge of Resisting Law Enforcement merged with the charge of Robbery, thus the proper sentence totalled thirty-five (35) years. Appellant now raises the following three issues:

1. the trial court erred by granting the State's motion to amend the Information;

2. the trial court erred by failing to grant a mistrial; and

3. the trial court erred by admitting certain evidence.

On April 2, 1982, Youngstown Branch of Citizens Bank in Jeffersonville, Indiana was robbed. In the early afternoon, around 2:30 p.m., a light colored black man walked up to a teller and handed her a note stating, "Put all lose (sic) money in bag, no packs, only lose (sic) money. I have a gun please don't make me use it." The teller put five-hundred seventy dollars ($570.00) in loose bills in the paper bag Appellant had handed her. Meanwhile, Kevin Whiteman, the branch manager was alerted to the fact that a robbery was occurring by a clicking surveillance device on his desk. He observed the suspect leave, locked the doors behind him, and immediately called the police. Kevin Whiteman was able to describe Appellant's car and the teller who was robbed described Appellant in detail. The police shortly thereafter sighted Appellant driving and put on their lights and siren, signalling Appellant to stop. However, Appellant sped up, ran several stoplights, ran several cars off the road, and led a long high speed chase, reaching ninety (90) m.p.h. at times. Finally, Appellant after colliding with one vehicle, was immobilized by crashing into a traffic pole. Upon crawling out of the vehicle, he immediately surrendered himself.

I

■ The original Information filed against Appellant on April 3, 1984, set out two counts: Robbery and Resisting Law Enforcement. On May 14, 1984, the trial court, granted the State's motion to amend the Information by adding an Habitual Offender Count. Appellant argues the trial court erred in granting this motion because it had the effect of changing the potential penalty and constituted a change in the theory of the case and in the identity of the offense. In support, Appellant cites *Clifford v. State* (1985), Ind., 474 N.E.2d 963 in which we reversed the trial court, holding that changing the potential penalty by amending the charging information constituted a change in the theory of the case and in the identity of the offense. However, as the State clearly points out, *Clifford* is distinguishable from this case in that in *Clifford* the defendant was initially charged with Child. Molesting, a class D felony, and the Information was amended to charge him with Criminal Deviate Conduct, a class B felony. The amendment in *Clifford* substituted a distinct crime for the prior criminal charge. However, in the case at bar, the Information was amended to include the Habitual Offender Count which is a sentence enhancement and not a separate crime. In *Radford v. State* (1984), Ind., 468 N.E.2d 219, we found the trial court did not err in permitting the State to file an habitual criminal amendment six days prior to trial. The holding in *Radford* was:

"The very nature of the habitual offender charge permits the State to add this allegation at any time up to the moment of trial. When faced with this situation, a defendant has the right to seek a continuance. This continuance must be granted when the defendant can demon-

strate prejudice to a substantial right. *See* I.C. § 35–34–1–5(d) (West 1984 Supp.) In the case at bar, Appellant was notified six days prior to trial of the State's intent. He did not seek a continuance. We find no error · by the trial court in permitting the State to amend the information."

In *Barnett v. State* (1981), Ind., 429 N.E.2d 625, this Court permitted the prosecutor to tender an amended information alleging habitual offender status the day the trial commenced. *See also Gilmore v. State* (1981) 275 Ind. 134, 415 N.E.2d 70; *Howard v. State* (1978) 268 Ind. 589, 377 N.E.2d 628, *cert. denied* 439 U.S. 1049, 99 S.Ct. 727, 58 L.Ed.2d 708.

■ Appellant now claims the trial court violated Ind.Code § 35–34–1–5(b)(1)(Burns Supp.1985) which requires the State to give written notice of the defendant at any time up to thirty (30) days before the omnibus date of any proposed amendment of the information. Notice here was given twenty-four (24) days before the omnibus date of June 4, 1984. However, Appellant does not claim or show that he raised this question before the trial court nor does he make any argument or cite us to any authority indicating the addition of the habitual offender count violated this code section. In granting the addition of the habitual offender count the trial court made the observation that he doubted Defendant would need a continuance and Defendant neither responded nor made such request. Appellant does not now claim or show that his substantial rights were prejudiced. We find no reversible error. *Radford, supra; Barnett, supra; Gilmore, supra; Howard, supra.*

## II

■ During the course of trial, Appellant's attorney objected to the State asking Linda Stivers the following question: "I would like to show you what has been marked as State's Exhibits 7 through 11, if you would take a look at those and identify them please?" Linda Stivers developed film of a surveillance camera which recorded the bank robbery. Exhibits 7 through 11 were photographs from the film she had developed. After objecting, defense counsel moved for an order *in limine* directing the prosecutor and State's witness not to mention the subject matter of the photographs. The trial court granted the motion and stated, "You can state that you are the one that developed them, what they are, but not with regard to subject matter, do you understand that okay?" The following colloquy then occurred when the jury reconvened:

"Mr. OBrien:

"Q: Now Miss Stivers, a moment ago I handed you a series of photographs and asked if you could identify them, could you identify them, please?

"A: Yes, they are pictures that I made *from* the bank.

"Q. And how - - -

"Mr. Doehrman: your Honor, I object and move for a mistrial, that is a direct violation of the order in limine."

The trial court concluded Linda Stivers did not violate the order *in limine* because she was not discussing any of the subject matter in the photographs. She had merely stated that the photographs she made were from the bank. Appellant, conversely, argues on appeal that her answer clearly violated the order and led the jury to believe the photographs, which were never admitted at trial were incriminating evidence. We first note that Appellant fails to cite any authority in support of his argument and has therefore waived this issue. Ind.R.App. P.8.3(A)(7). Nonetheless, we will address the issue by first recognizing that the denial of a motion for mistrial will be reversed only for an abuse of discretion. *Dudley v. State* (1985), Ind., 480 N.E.2d 881. Further, before a defendant is entitled to reversal he must affirmatively show there was error prejudicial to his substantial rights. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. Therefore, the issue here is not whether the trial judge abused his discretion by finding the motion *in limine* was violated; the question is whether evidence prejudicial to Defendant was improp-

erly admitted. The trial court stated the order *in limine* was not violated because Linda Stivers never identified the subject matter of the photographs; she merely mentioned that the film was from the bank. We agree that her statement was nothing more than a preliminary identifying description of the exhibits. Further, there was overwhelming evidence introduced at trial of Appellant's guilt, including testimony from the teller that was robbed and in-court identification by the teller of Appellant. Thus, even if the jury inferred the photographs were incriminating, the inference did not prejudice Appellant's substantial rights in light of the overwhelming evidence of his guilt. Accordingly, Appellant has failed to present reversible error by raising this issue.

### III

 Finally, Appellant argues it was error for the trial court to admit the "hold-up" note because it was the product of an illegal search. After Appellant collided with a traffic pole, he crawled out of the car with his arms in the air and surrendered himself. The officers arrested Appellant and then Appellant requested that someone go in the car to find his glasses. The police proceeded to search the car and upon finding a brown paper bag on the floor in the backseat area, opened it to discover cash and the note used to rob the bank and admitted at trial.

Appellant's contention that the note was inadmissible because it was seized pursuant to an illegal search is wholly unfounded. An automobile may be searched without a warrant under circumstances where there is probable cause to believe that the car contains articles that officers are entitled to seize. *Ross v. State* (1980), 274 Ind., 588, 413 N.E.2d 252. Here the officers pursued Appellant because he and his car fit the description of the robber. After leading police on a long high speed chase, endangering numerous lives by forcing cars off the road, damaging property, and stopping only when a traffic light pole immobilized him, police had probable cause to arrest Appellant. They also knew he

claimed he was armed when he robbed the bank. In addition to the fact that Defendant had invited them to search his car, police had probable cause to search the car for evidence pertaining to the robbery and for weapons incidental to Appellant's arrest. Accordingly, the note was admissible at trial and Appellant has failed to demonstrate any error.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.