Arthur H. SPRINGER, Appellant,

v.

STATE of Indiana, Appellee.

No. 781S200.

Supreme Court of Indiana.

July 30, 1982.

William T. Lawrence, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant, Arthur Springer, was convicted following a trial by jury of three counts of child molesting and three counts of incest. He was sentenced separately on each count and received a twenty-year sentence on Count I which was based upon Ind.Code § 35–42–4–3(a). This appeal raises several issues including:

(1) Whether the trial court erred in denying a defense motion in limine.

(2) Whether the refusal to give an intoxication defense instruction was error.

(3) Whether it was error to overrule an objection to the testimony of an eleven-year-old witness on competency grounds.

(4) Whether the trial court erred in denying a defense motion for mistrial because of highly inflammatory testimony.

(5) Whether the trial court erred in sustaining the State's objection to a defense question.

(6) Whether the evidence was sufficient.

(7) Whether appellant was denied a fair and impartial trial due to the bias of the trial judge.

Appellant was charged with having had sexual intercourse and sexual connection *per os* and *per anum* with his three daughters who were ten, twelve, and thirteen years of age. These acts were alleged to have occurred on or about the 29th, 30th, and 31st of March, 1980.

I.

Appellant filed a pre-trial motion in limine to prevent the State from questioning witnesses or offering evidence regarding his past sexual conduct with the alleged victims. In it he asserted that the mere mention of past acts would be so inflammatory as to preclude a fair trial upon the issue of whether the acts charged took place

as alleged. The motion was denied. When the children were first questioned and testified at trial about the recurrent nature of his sexual aggression towards them, the defense chose the course of making no contemporaneous challenge. That choice foreclosed appellate consideration of the pre-trial ruling. *Lagenour v. State*, (1978) 268 Ind. 441, 376 N.E.2d 475.

## II.

■ The trial court refused to give a defense instruction on intoxication, and we find such ruling to be correct. There was testimony that appellant drank excessively and that between January 1, 1980 and April 1, 1980 he had been drinking more than normal. At some indefinite point during this period he was drinking two pints a day. Appellant testified that there were not too many days that he drank nothing at all. There was however, no direct evidence that appellant was intoxicated at the time of his alleged criminal conduct. In reviewing this contention this Court considers whether the evidence of intoxication, if believed, was such that it could have created a reasonable doubt in the jury's mind that the accused acted with the required mental state. *Williams v. State*, (1980) Ind., 402 N.E.2d 954. The evidence of intoxication here does not rise to that level.

## III.

■ On two occasions during the testimony of one of the alleged victims, age eleven, the defense objected on competency grounds. The objections were overruled. There was no discrete hearing to determine the competency of the witness; however questions were posed by both the State and defense bearing upon whether she understood the nature and obligation of an oath, which resulted in some inconsistent responses. Persons ten years of age or older are competent to testify in a criminal case. Ind.Code § 34–1–14–5. The party challenging witnesses on ground of incapacity to understand the nature of the oath, bears the burden of establishing such ground. *Jethroe v. State*, (1975) 262 Ind. 505, 319 N.E.2d 133.

■ Under cross-examination the witness responded in the negative to the question of whether she knew what the truth was and to the question of whether she would believe defense counsel if he told her she would be punished if she lied. However, she did take the oath to tell the truth and responded in a knowledgeable and pertinent fashion to inquiries on direct examination as to whether she understood the difference between telling the truth and telling a lie, and expressed the belief that she would be punished if she lied. Apparent inconsistencies such as these are for resolution by the trier of fact and do not warrant a determination on appeal of error. *Martin v. State*, (1969) 251 Ind. 387, 244 N.E.2d 100.

## IV.

■ During the testimony of the youngest alleged victim one of the jurors burst into tears. During the testimony of each putative victim, explicit accounts of repeated acts of incest and child molesting were given. Based upon these two factors, defendant moved for a mistrial. This motion was made at the end of the State's case-in-chief. There are no "errors" underlying it. Appellant argues that the court should have immediately responded to the juror's show of emotion by an instruction regarding the duty of jurors to keep an open mind, rather than waiting until final jury instructions were given. Yet, no such instruction was requested at the point in time where it would have maximally mitigated any prejudicial effect. Contemporaneous objections to the testimony of the children may have led to a limitation upon its scope and a cautionary instruction. Yet no objection was made and no cautionary instruction sought. It is upon these considerations that we conclude that the peril, if any, to which appellant was subjected by reason of these factors was the natural and probable consequence of the subject-matter of the trial, and the trial strategy adopted by the defense. Here, at the time the motion was made, appellant had not been placed in a position of grave peril to which

he should not have been subjected. *White v. State.* (1971) 257 Ind. 64, 272 N.E.2d 312.

## V.

■ Defendant took a new wife six weeks prior to the trial below. Defense counsel called her as a witness and asked her whether she considered him to be "over-sexed". An objection by the State on relevancy grounds was sustained. Defense counsel then asked her whether he had made any "unusual sexual demands" upon her. A like objection was sustained. No offer to prove was made and therefore the issue as to the exclusion of the evidence was not raised and preserved for appeal. *Starkey v. State*, (1977) 266 Ind. 184, 361 N.E.2d 902. Furthermore, we would tend to agree that this witness' opinion expressed in such general terms, would be irrelevant.

■ Defense counsel also asked male friends of appellant with whom he had worked, whether they believed that he could commit the acts charged. The State's objections on the form of the questions were sustained. The ruling was correct. The question called for a conclusion by the witness and was excludable. *Strickland v. State*, (1977) 265 Ind. 664, 359 N.E.2d 244; *Clay v. State*, (1976) 264 Ind. 495, 346 N.E.2d 574; *Gayer v. State*, (1965) 247 Ind. 113, 210 N.E.2d 852, *reh. denied*, 212 N.E.2d 544.

## VI.

■ Appellant next contends that the evidence stands insufficient to convict. He argues that his youngest daughter should be declared incompetent and that the testimony of the other two girls included inconsistencies such as their inability to agree whether or not their bedroom clock had a lighted dial. In light of our conclusion that the youngest daughter was correctly determined to be competent to testify and that the inconsistencies pointed out do not demonstrate inherent improbability, we regard the straightforward testimony of the three girls that defendant had sexual intercourse and sexual connection *per os* and *per anum* with them on the days, and in the manner alleged in the charges, to be of such probative value as to warrant a reasonable trier of fact in inferring that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657; *Turner v. State*, (1972) 259 Ind. 344, 287 N.E.2d 339.

## VII.

■ Appellant argues that the trial judge manifested such bias and prejudice against his cause that he should be granted a new trial. Specifically appellant points out that the judge presided over the proceeding at which appellant was permitted to withdraw his guilty plea and refused a requested sixty-day continuance of the trial and granted one for only thirty-four days, and made adverse rulings during the trial on the admission of evidence which severely hampered the defense. We have examined and considered these instances and find that they do not support the claim. The trial judge's conduct before and during the trial is consistent with an inference of impartiality and fair dealing. Cf. *Bentley v. State*, (1981) Ind., 414 N.E.2d 573.

The judgment is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.