**Dennis WASH, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 583S177.**

Supreme Court of Indiana.

Dec. 14, 1983.

✑824(6)

Marc H. Donaldson, Carroll & Donaldson, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant brings this appeal from his conviction by a jury for Attempted Murder, a class A felony, IC § 35–42–1–1 and IC § 35–41–5–1 [Burns 1979]. The judge sentenced him to confinement in a medium security facility for twenty (20) years.

The facts are: On February 12, 1982, at approximately 5:00 P.M., Romie Whiteside arrived at his home in Gary, Indiana. Moments after he had entered, Mrs. Whiteside answered a knock at the door and allowed her brother Tony Johnson, and appellant to enter the residence. Mr. Whiteside addressed appellant stating, "You're the one that tried to kill my brother this past summer." Mr. Whiteside then walked down a short hallway to a back bedroom with Mrs. Whiteside, Johnson and appellant following. Appellant began poking Mr. Whiteside's shoulder as he talked to him. Mrs. Whiteside asked Johnson and appellant to leave. Johnson grabbed appellant's arm and led him toward the door. Suddenly, appellant spun around and shot the victim, Mr. Whiteside, knocking him backward. The victim exclaimed, "You shot me. I'm hit. I'm hit. You don't have to shoot no more." Appellant then fired a second shot and once again hit the victim.

Appellant claimed he shot the victim in self-defense. It was undisputed that the victim was known to be armed with a .38 revolver. He argued the victim drew his weapon first. Mrs. Whiteside and the victim testified appellant drew first, and that Mr. Whiteside never removed his gun from its holster.

Indiana's self-defense statute, IC § 35–41–3–2 [Burns Supp.1983] provides:

"35–41–3–2. Use of force to protect person or property—Qualified immunity from legal jeopardy.—(a) A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. However, a person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person or the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary. [IC 35–41–3–2, as added by Acts 1976, P.L. 148, § 1; 1977, P.L. 340, § 8; 1979, P.L. 297, § 1.]"

When a defendant raises the issue of self-defense, the State has the burden of disproving the defense beyond a reasonable doubt. *Palmer v. State,* (1981) Ind., 425 N.E.2d 640. It may meet this burden by rebutting the defense directly; by affirmatively showing appellant did not act in self-defense; or by simply relying upon the sufficiency of its evidence in chief. *McCraney v. State,* (1983) Ind., 447 N.E.2d 589; *Harris v. State,* (1978) 269 Ind. 672, 382 N.E.2d 913; *Jennings v. State,* (1974) 262 Ind. 476, 318 N.E.2d 358.

■ Appellant claims the evidence was insufficient to sustain his conviction because the State did not disprove self-defense. He contends that sufficient evidence was presented to the jury to substantiate the defense and that the only logical conclusion was that he acted in self-defense. On appeal we do not reweigh the evidence or the credibility of witnesses. *Lewis v. State,* (1982) Ind., 438 N.E.2d 289; *Borden v. State,* (1980) 272 Ind. 668, 400 N.E.2d 1368.

■ Whether the State has disproved appellant's claim of self-defense is a question of fact for the jury. *McCraney, supra; Dean v. State,* (1982) Ind., 432 N.E.2d 40. In determining the issue of self-defense, the jury must consider the evidence from appellant's perspective to ascertain whether he faced such apparent danger as caused him to reasonably believe that deadly force was necessary to prevent serious bodily injury to himself. *Brooks v. State,* (1982) Ind., 434 N.E.2d 878; *Nuss v. State,* (1975) 164 Ind. App. 396, 328 N.E.2d 747; IC § 35–41–3–2(a) [Burns Supp.1983]. The jury is not required to believe appellant's account, but may reject his version entirely. *McCraney, supra; Menefee v. State,* (1981) Ind., 417 N.E.2d 302.

■ The evidence at trial disclosed appellant quickly turned around and fired upon the victim who had not drawn his weapon, and after the victim pled with him to stop shooting, appellant shot him again. We believe the jury properly exercised its option as the trier of fact to disbelieve appellant's evidence. We cannot say the evidence was insufficient to sustain the conviction.

■ Appellant claims the trial court erred by not instructing the jury of the State's burden of disproving appellant's self-defense claim beyond a reasonable doubt. The trial court instructed the jury of the State's burden to prove the elements of Attempted Murder, and to disprove the assertion of self-defense, beyond a reasonable doubt, by giving Instruction Numbers 2, 10, and 8.

We hold the trial court adequately instructed the jury as to the State's burden of disproving self-defense. A separate instruction dealing only with the burden of proof as to self-defense was unnecessary. *Moore v. State,* (1981) Ind., 414 N.E.2d 558; *Montague v. State,* (1977) 266 Ind. 51, 360 N.E.2d 181; *Woods v. State,* (1974) 162 Ind. App. 316, 319 N.E.2d 688. Thus, the trial court would not have erred by refusing to give appellant's proposed instruction, if indeed such instruction had been tendered at trial. In the case at bar, appellant admits he failed to tender any such instruction. The issue is therefore waived.

The trial court is in all things affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result without opinion.