**Phillip COX, Appellant,**

v.

STATE of Indiana, Appellee.

No. 49S00–8607–CR–658.

Supreme Court of Indiana.

Sept. 24, 1987.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of Murder. Appellant received a fifty (50) year sentence.

The facts are: On June 22, 1985, at approximately 11:00 p.m., appellant and other young people were gathered at the Super Shops, on Madison Avenue, in Indianapolis. Parking lots in the area are commonly used

as a meeting place after business hours. Several people in the parking lot were playing frisbee when the victim, Jason Kurtz, drove through the lot and ran over the frisbee. An argument ensued between appellant and Kurtz during which some shoving occurred.

Kurtz then left the scene but soon returned with some friends and the altercation between Kurtz and appellant resumed. During this altercation, witnesses testified that Kurtz poked appellant in the chest with his finger, knocked a beer can from appellant's hand and said, "I'm going to whip your ass and call your mom to laugh at you." Appellant then left with Steve Rigdon and Tony Rivera and returned to an apartment he shared with others.

There is some confusion in the evidence as to whether appellant obtained a knife at the apartment or whether he obtained a knife from Rigdon after he left the apartment. How he obtained the knife is of no moment. The fact is: He returned to the scene of the altercation, called Kurtz aside and resumed the "shove fight." He immediately struck Kurtz in the throat with the knife. Kurtz died shortly thereafter. Appellant then ran to his apartment, threw the knife on the roof and was eventually transported to Detroit, Michigan, by friends.

Appellant claims, he was told that someone in the Kurtz group of friends had a gun and when he called Kurtz over to talk, Kurtz threatened him and made a quick movement, at which time he stabbed Kurtz.

Appellant claims the trial court erred when it gave Final Instruction No. 33 and refused to give his tendered Final Instruction No. 2. Both instructions concern sudden heat of passion sufficient to reduce a homicide from murder to manslaughter. Final Instruction No. 33 read in part:

"Adequate provocation is meant such as would excite in the mind of a defendant such emotions as either anger, rage, sudden resentment or terror. Ordinarily, mere words alone do not constitute sufficient provocation."

The instruction then continued, giving the standard cooling-off period provision.

Appellant's tendered Final Instruction No. 2 followed the same format except it read in part:

"Ordinarily mere words alone do not constitute sufficient provocation, but personal indignities may be."

Appellant claims the omission of the words "personal indignities may be" in the instruction given by the court render the instruction incomplete.

■ There is no question that the facts in this case clearly demonstrate that the actions of the victim went beyond mere words. He did in fact poke appellant with his finger and he did knock a beer can from his hand. The court's instruction did not negate the provocation of physical indignities. Had the trial court given appellant's tendered Final Instruction No. 2, it would not have committed error, neither was there error in refusing to give the instruction. The jury was left with the total scope of the evidence to determine whether there had been sufficient provocation to reduce the homicide to manslaughter.

■ We would point out that the real issue at this point in the case was not the existence of the provocation, but the question of whether there was a sufficient cooling-off period between the provocation of the physical contact and the time the fatal injuries were received by the victim. Following the provoking actions by the victim, appellant left the scene, obtained a knife, returned, and deliberately confronted the victim while armed with the knife.

This evidence is sufficient to support the jury's verdict of guilty of murder and the rejection of the claim of voluntary manslaughter. *Harlan v. State* (1985), Ind., 479 N.E.2d 569. The jury was properly instructed on the issue of voluntary manslaughter by the trial court's Final Instruction No. 25. We see no error in the refusal to give appellant's tendered Final Instruction No. 2.

Appellant claims the trial court erred when it gave its Final Instruction No. 37 and refused to give appellant's tendered Final Instruction No. 1. The court's Final Instruction No. 37 is a standard instruction

concerning flight as evidence of guilt. Appellant's Tendered Instruction No. 1 was on the same subject; however, he contends that the court's instruction was erroneous because it contained the clause "is evidence of consciousness of guilt." He takes the position that the presence of such a clause placed an undue emphasis on that portion of the evidence.

 Appellant is correct in his observation that no instruction should single out certain portions of evidence, citing *Dedrick v. State* (1936), 210 Ind. 259, 2 N.E.2d 409; however, this Court has consistently held that flight of an accused may be considered as circumstantial evidence of guilt. *Forrester v. State* (1982), Ind., 440 N.E.2d 475. It would be impossible for the trial court to give an instruction concerning flight without calling attention to that specific evidence in the case. We do not perceive the presence of the words, "is evidence of consciousness of guilt", as lending any particular emphasis as to the evidence. We see no reversible error as to the giving of the court's instruction as opposed to appellant's Tendered Instruction No. 1.

Appellant claims the evidence was insufficient to support his conviction for murder. Here, he returned to his argument that there was evidence of sudden heat, which should have reduced the crime to voluntary manslaughter. As pointed out above, the physical provocations occurred prior to appellant's obtaining a knife and returning to the scene of conflict. The evidence posed a question of fact for the jury to weigh concerning the presence of sufficient provocation to reduce the crime to manslaughter. This Court will not invade the province of the jury in that regard. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

The trial court is affirmed.

SHEPARD, C.J. and DeBRULER, PIVARNIK and DICKSON, JJ., concur.