**Vincent Doyle WALKER, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 20S00–9202–CR–83.**

Supreme Court of Indiana.

Feb. 9, 1993.

Rehearing Denied May 11, 1993.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

Appellant was tried by jury and convicted of Theft, a Class D felony, and Murder, a felony. The trial court sentenced appellant to three (3) years for theft and sixty (60) years for murder, to be served consecutively.

The facts are: On March 2, 1990, Elnora Martin, the victim in this case, called her mother to inform her that she was going to drive to a bus stop in Elkhart, Indiana to pick up a man from Florida who was coming to visit her at her apartment in Goshen, Indiana.

Sherry Martin, the victim's sister, testified that she last spoke with the victim on March 3, 1990. The victim told her that she was leaving but would be coming back later that evening. When the victim did not contact her, Martin became concerned. On March 6, 1990, Martin went to the victim's house where she found the victim lying on the floor face down in a pool of blood. The contents of the victim's purse were scattered on the floor and no money was found. An autopsy revealed that the victim had died three days earlier from blood loss due to fifteen stab wounds.

Further testimony showed that the victim had picked up appellant at the bus stop on March 2, 1990. Once they returned to the victim's apartment she engaged in telephone conversations while appellant watched television.

During the day on Saturday, appellant and the victim did errands, which included stopping at the victim's bank to complete a transaction. After returning to the apartment, the victim conversed with someone on the telephone. Appellant told Detective Taylor of the Goshen Police Department that at this time two men entered the victim's house and killed her while appellant watched from the bathroom.

On March 3, 1990, appellant drove the victim's car to his aunt's apartment in Tarentum, Pennsylvania. Timothy Metzler, appellant's cousin, testified that appellant told him that he had stolen the car in Indiana. Appellant told Timothy Metzler and Wendy Metzler, another cousin, that he had stabbed a man in Chicago fourteen times and as a result had splattered blood on his clothes. Wendy Metzler testified that appellant had asked her how to remove blood stains from clothing.

John Paul Metzler, another cousin, and Anna Metzler, appellant's aunt, saw clothing soaking in water in a clear plastic bag. The water in the bag was a reddish color. Appellant was unsuccessful in removing the bloodstains from the clothes, and he disposed of the bag and clothes.

Appellant left the Metzler house and attempted to visit his son in a nearby town, but was unable because the victim's car broke down in Kittaning, Pennsylvania. After he wiped his fingerprints from the car, appellant walked back to the Metzlers' house. On March 9, 1990, the victim's car was found by the police in the Kittaning area.

Wendy Metzler told appellant's story to Anna Metzler. After Anna found appellant's knife in her house, she called the Pennsylvania Crimestoppers. The shape and size of the knife later was found to be consistent with the shape and size of the wounds on the victim.

Timothy Metzler reported to the police the fact that appellant had recanted his story about the stabbing in Chicago and had said that he killed a woman he had met through a dating service.

Appellant contends the trial court erred by refusing to give his proposed instruction on flight and giving the court's instruction to the jury.

The following is the instruction which was given to the jury:

"The flight of a person immediately after the commission of a crime that has been committed if proved, is not evidence of guilt. It is, however, evidence of consciousness of guilt."

Appellant claims the instruction given placed an undue emphasis on the evidence of flight. He contends the instruction takes from the jury the task of weighing and evaluating the evidence, including any evidence of fear and confusion offered by appellant, by leading the jury to a specific

conclusion. He claims that no other instruction offsets the bias of the flight instruction. We disagree.

■ We have held that it is proper for a jury to consider evidence of flight immediately after the commission of a crime as consciousness of guilt. *Seely v. State* (1989), Ind., 547 N.E.2d 1089. Therefore, the instruction which was given is a correct statement of the law. Further, we have held that no particular emphasis is given to evidence by the presence of the words "is evidence of consciousness of guilt" in an instruction regarding flight. *Cox v. State* (1987), Ind., 512 N.E.2d 1099. This holding refutes appellant's assertion that the instruction, without more, tends to create a bias against appellant's evidence of fear and confusion. The evidence supports the trial court's decision to instruct the jury regarding flight. (We note this Court has recommended against future use of the flight instruction. *Bellmore v. State* (1992), Ind., 602 N.E.2d 111.)

■ Appellant tendered an instruction on flight which included a statement that flight might give rise to an inference that the person simply was scared and did not know how to respond. We have held that the trial court does not err by refusing to give a tendered instruction when the substance of that instruction is adequately covered by other instructions which are given. *Harden v. State* (1991), Ind., 576 N.E.2d 590. Review of the final instructions which were given in the present case leads us to the conclusion that the additional wording contained in appellant's proposed instruction was covered by the other instructions.

The trial court properly instructed the jury that they must weigh the evidence, that they must presume that appellant is innocent until proven guilty, and that they must resolve any conflicts in the testimony based upon their determination of who is more truthful or believable. Under the instructions given, the jury could consider the evidence presented by the defense concerning fear or confusion from the circumstances involved resulting in flight and the inference the defense suggested could be drawn therefrom. The trial court did not err.

■ Appellant claims the trial court committed reversible error by failing to excuse a juror for cause. He contends he was forced to unnecessarily use a peremptory challenge at that point to remove the juror.

During *voir dire*, Venireman Robert Heckathorn responded to a question propounded by the defense by initially stating that he thought appellant was more than likely guilty. He further explained that when a person is arrested the police are correct about ninety-nine percent of the time. However, Heckathorn went on to say that the police are not always correct, and the chance of error was the reason why cases were presented to juries.

The defense then elicited testimony from Heckathorn which indicated that he understood the State had the burden of proving appellant's guilt, that he understood that the defense did not have to prove anything, that he would listen to the testimony presented, and that he could be a fair and impartial juror. Appellant challenged Heckathorn for cause. The trial court denied the challenge for cause and the defense used one of its peremptory strikes to remove Heckathorn from the panel. Defense counsel renewed his objection when his later attempt to use one peremptory strike to remove both Veniremen Miller and Powers from the panel was denied. The trial court maintained his previously stated position and explained that defense counsel had rehabilitated Heckathorn. Miller was struck from the panel, but Powers was seated on the jury.

Ind.Code § 35-37-1-5(b) provides as follows:

"(b) If a person called as a juror states that the person formed or expressed an opinion as to the guilt or innocence of the Defendant, the court or the parties shall proceed to examine the juror on oath as to the grounds of the juror's opinion. If the grounds of the juror's opinion appear to have been founded upon reading newspaper statements, communications, comments, reports, rumors, or hearsay, and if:

(1) The juror's opinion appears not to be founded upon:

    (A) Conversation with a witness of the transaction;

    (B) Reading reports of a witness' testimony; or

    (C) Hearing a witness testify;

(2) The juror states on oath that the juror feels able, notwithstanding the juror's opinion, to render an impartial verdict upon the law and evidence; and

(3) The court is satisfied that the juror will render an impartial verdict.

the court may admit the juror as competent to serve in the case."

▮▮▮ We have held the trial court may use its discretion in deciding whether to grant a challenge for cause. *Woolston v. State* (1983), Ind., 453 N.E.2d 965. Discretion is afforded the trial court in this situation because the trial judge is in the best position to assess the demeanor of prospective jurors as they answer the questions posed by counsel. On review, we will disturb the trial court's decision only if we find that this authority was used in an illogical or arbitrary manner. *Holt v. State* (1977), 266 Ind. 586, 365 N.E.2d 1209.

Although the responses to defense counsel's initial questions seemed to indicate that Heckathorn believed that appellant was guilty, further questioning by the defense brought forth responses from Heckathorn which indicated that he would be able to remain impartial as he heard the evidence presented. Clearly the trial court was aware of the prospective juror's opinion and potential disqualification because, in denying appellant's challenge for cause, the trial judge indicated that defense counsel had rehabilitated the juror's qualification to hear the case. The trial court did not abuse its discretion in refusing to remove the potential juror for cause.

Appellant's final argument is that his trial counsel was ineffective. Appellant bases this claim on the fact that defendant was not present during the taking of a deposition which ultimately was read into the record at trial. Appellant claims that he was denied the right to confront witnesses who testified against him.

The State deposed witness Anna Metzler prior to trial. The defendant was not present at the taking of the deposition; however, his counsel was present. Anna Metzler became ill and was unable to testify in court. When the State sought to admit this deposition at trial due to the unavailability of the deponent, defense counsel objected on the ground that he assumed that the deposition was taken for discovery purposes only. The State responded that the deposition was taken specifically to safeguard against losing the testimony due to Metzler's illness. Appellant contends the failure of trial counsel to provide for appellant's presence at the deposition and the subsequent admission of the deposition at trial denied him the right to confront one of his accusers, thereby denying him the right to a fair trial.

▮▮▮ We conduct a two-step analysis upon review of claims of ineffective assistance of counsel. *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291. The first step requires us to focus on trial counsel's actual performance to determine its reasonableness. *Id.* We keep in mind while conducting this analysis that there is a strong presumption that counsel rendered effective assistance. *Id.* The second step involves review for the purpose of determining if the client was prejudiced by trial counsel's unreasonable acts. *Id.* The client must show that but for counsel's unprofessional errors the result of the proceedings would have been different. *Id.*

▮▮▮ In order to support the admissibility of the deposition, the State presented testimony to establish that the deponent was unavailable to testify at trial due to illness. Defense counsel was present at the deposition and participated by cross-examining the witness. There was no objection to proceeding with the deposition in appellant's absence. At trial when the State sought to admit the deposition, defense counsel argued that he was under the belief that the deposition was taken for discovery purposes only. However, the State had already made the proper showing for admission of the deposition in lieu of in-

court testimony. *See Coleman v. State* (1989), Ind., 546 N.E.2d 827; *see also, White v. Illinois* (1992), — U.S. —, 112 S.Ct. 736, 116 L.Ed.2d 848.

Defense counsel further argued that admission of the deposition would deny his client the right to confront one of the witnesses testifying against him if the deposition was allowed to be read into evidence. The trial court allowed the deposition to be admitted. As the deposition was read, trial counsel requested that the record include certain questions and answers which were going to be excluded and made objections to certain questions and answers which were excluded from the trial.

Although appellant's trial counsel mistakenly believed that the deposition was for discovery purposes only, he fully cross-examined the witness at the deposition. At trial, when the State moved to admit the deposition in lieu of in-court testimony, appellant objected to admission and stated that he believed it violated appellant's right to confront witness Metzler and made objections during the reading of the deposition.

If we assume that trial counsel's performance was unreasonable, we cannot say that the result of the trial would have been different. Trial counsel received favorable rulings excluding portions of the deposition from admission in evidence. Further, a large part of the matters Metzler testified to in her deposition were also testified to by other witnesses at trial. Those witnesses were fully cross-examined by trial counsel in appellant's presence. Therefore, a large part of the deposition evidence was cumulative. We cannot say that but for the performance of trial counsel the outcome of the trial would have been different.

As for the underlying issue of the denial of the right of confrontation brought about by the trial court's decision to allow admission of the deposition, which is not directly raised by appellant, we have held that a denial of the right of confrontation can be harmless error where there is evidence for conviction that is so convincing that a jury could not properly find other-wise. *Brewster v. State* (1983), Ind., 450 N.E.2d 507. The evidence against appellant was compelling. Moreover, as stated above, a large part of the deposition testimony was cumulative. We have held that the admission of cumulative evidence alone is not grounds for reversal. *Miller v. State* (1989), Ind., 541 N.E.2d 260.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., concurs in result with separate opinion.

DeBRULER, Justice, concurring in result.

In reference to deposition practice in criminal cases, I.C. 35–37–4–3 provides:

The state and the defendant may take and use depositions of witnesses in accordance with the Indiana Rules of Trial Procedure.

T.R. 30(B)(1) provides:

(1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined. . . .

T.R. 30(C) provides further:

Examination and cross-examination of witnesses may proceed as permitted at the trial. . . .

T.R. 32(A)(3) provides:

(3) The deposition . . . may be used . . . for any purpose if the court finds:

(a) that the witness is dead; or

(b) that the witness is outside the state . . . or

(c) that the witness is unable to attend or testify . . . or

(d) that the party offering . . . has been unable to procure . . . the witness by subpoena; or

(e) . . . exceptional circumstances . . . or

(f) upon agreement of the parties.

When defense counsel objected on confrontation grounds to the admission of the Metzler deposition which had been taken by the state, the trial court asked defense counsel why he had not gotten an order for appellant to attend the deposition. Defense counsel answered that he had received no notice from the prosecutor that the deposition would be used as evidence, and believed the deposition was for discovery only. Defense counsel's belief was not well grounded, as the rule does not require specification of intended use and clearly sanctions evidentiary use.

In forming and acting upon this belief, defense counsel was clearly mistaken. However, when the totality of the effort expended on behalf of appellant by defense counsel is fairly judged, it rises to the level of that reasonably effective assistance required by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

On appeal there is no direct claim that the trial court erred in overruling the confrontation objection to the admission of the Metzler deposition. Appellant's ineffective counsel claim, however, assumes that the trial court correctly overruled this objection. I do not agree with this assumption.

Generally speaking, when an objection is raised to the introduction of evidence at trial the proponent of that evidence has the burden to show admissibility. The state was the proponent of the Metzler deposition at trial, and defense counsel's confrontation objection placed the burden on the state to show admissibility, namely, that the trial use of the deposition would be consistent with the right of the defendant to confront the witness Metzler at the trial. Defense counsel's objection, while specifying a lack of confrontation, did not further specify either the United States Constitution or the Indiana Constitution. On appeal he presents cases which deal with both. Under such circumstances, I would grant him the benefit of both.

Appellant had the right afforded by Article I, sec. 13 to physically confront Metzler at her deposition "face to face" and to cross-examine her. *Ingram v. State*

(1989), Ind., 547 N.E.2d 823; *Gallagher v. State* (1984), Ind.App., 466 N.E.2d 1382. *See also Brady v. State* (1991), Ind., 575 N.E.2d 981. This right may be waived. *Hart v. State* (1991), Ind., 578 N.E.2d 336. In response to the trial objection to the introduction of the deposition, the record reflects that the following facts were brought out and relied upon by the trial judge in overruling the objection and admitting the deposition: (1) the deposition process had been initiated by the state; (2) defense counsel had appeared at the deposition and cross-examined; (3) the witness was unavailable to appear at trial; and (4) defense counsel, in the mistaken belief that the deposition was for discovery only, had not arranged for appellant to be present. In my opinion this showing is insufficient to warrant admitting the deposition on the basis that the state constitutional right to confront witnesses in a criminal case was waived.

For the purposes of admissibility, a deposition is no more nor less than a part of the trial itself. The standard for waiver of the state constitutional right of confrontation at a deposition in a criminal case cannot rationally be less rigid than the standard for waiver of the same right at the trial itself, and perforce of trial itself, namely that of a knowing, intentional, and voluntary relinquishment. *Howard v. State* (1978), 268 Ind. 589, 377 N.E.2d 628; *Harris v. State* (1967), 249 Ind. 681, 231 N.E.2d 800; *Gilbert v. State* (1979), 182 Ind.App. 286, 395 N.E.2d 429. Appellant not only had the right to a "face to face" deposition, but the right to consult with his counsel during the deposition. *Batchelor v. State* (1920), 189 Ind. 69, 125 N.E. 773. There is an insufficient basis in the circumstances upon which trial court based its ruling admitting the deposition, permitting the inference that appellant knew that a deposition of Metzler would be taken, that he could attend the deposition, that the deposition could be used at trial, or that he consented to it being taken in his absence. Quite clearly, the State can easily establish grounds for admissibility by insuring that the defendant receives notice of the time

and place of a deposition and of the right to be present.