Anthony L. TORRES, Defendant–
Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S00–9411–CR–1085.

Supreme Court of Indiana.

Nov. 20, 1996.

asked John Padgett's fiancee if she would like to have a drink. When she indicated that she was there with her boyfriend, the defendant walked over to Padgett and an argument erupted between the men. The bartender asked the defendant to leave. Fifteen to twenty minutes later, as Padgett and his fiancee went outside of the bar, the defendant rushed over to Padgett and stabbed him in the chest with a knife. The defendant then went to the apartment of his cousin, Charles Loera, who lived in the apartment next to his, and began washing the knife. He told Loera that he had just "cut someone." Record at 418. The knife belonged to Loera and was later given to police. After going to his own apartment, the defendant changed out of his blood-stained clothes.

Belle T. Choate, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

DICKSON, Justice.

Following his trial to the court without a jury, the defendant was convicted of the August 23, 1993, stabbing murder of John Padgett. In this direct appeal, the defendant presents two issues: (1) whether there was insufficient evidence of the defendant's intent to commit murder; and (2) whether the trial court erred in denying a motion to suppress evidence.

The defendant argues that the evidence was insufficient to prove the element of intent to commit murder. An appellate claim of insufficient evidence will prevail if, considering the probative evidence and reasonable inferences that support the judgment, and without weighing evidence or assessing witness credibility, we conclude that no reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Case v. State,* 458 N.E.2d 223, 226 (Ind.1984); *Loyd v. State,* 272 Ind. 404, 407, 398 N.E.2d 1260, 1264 (1980), *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The facts most favorable to the judgment reveal that the defendant entered a bar and

It is well-settled that the use of a deadly weapon in a manner likely to cause death or serious bodily injury is sufficient evidence of intent to support a conviction for murder. *Light v. State,* 547 N.E.2d 1073, 1082 (Ind.1989). In the present case the defendant came back to the scene of the altercation bearing a knife, rushed up to Padgett and stuck a knife in his chest. The trial court could reasonably have found, beyond a reasonable doubt, that the defendant intentionally killed John Padgett. The evidence was sufficient to prove intent to murder.

The defendant also contends that the trial court erred in admitting evidence regarding and resulting from a warrantless police search of his home.

After changing clothes at his home, the defendant went to a pizza restaurant where he was identified by the bartender who had earlier removed the defendant from the bar. Two officers handcuffed him, read him the *Miranda* warning, began asking him about the crime, and asked for permission to search his house. The defendant gave them permission on the condition that he accompany them. Once there, they searched the defendant's residence and recovered a blood-stained T-shirt and pair of jeans. The police then asked him to sign a consent form but he refused to do so.

After the court overruled the defendant's motion to suppress, trial counsel properly renewed his objection during trial to the admission of the items found at the defendant's apartment and thus preserved this issue for appeal. The defendant claims that the consent given was invalid in light of *Pirtle v. State,* 263 Ind. 16, 323 N.E.2d 634 (1975) and *Sims v. State,* 274 Ind. 495, 413 N.E.2d 556 (1980). *Pirtle* and *Sims* stand for the proposition that, under the Indiana Constitution, "a person in custody must be informed of the right to consult with counsel about the possibility of consenting to a search before a valid consent can be given." *Jones v. State,* 655 N.E.2d 49, 54 (Ind.1995); IND. CONST. art. I, § 13. Merely giving an arrestee the *Miranda* advisement before interrogation is insufficient to inform him of his right to consult with counsel before consenting to a search. *Jones,* 655 N.E.2d at 54. The burden at trial is upon the State to prove that a custodial defendant expressly authorized the search after being advised of his right to consult counsel before consenting to the search. *Sims,* 274 Ind. at 500, 413 N.E.2d at 559.

The State contends that the *Pirtle/Sims* advisement was not necessary because the defendant was not in custody at the time they asked for his consent. Arguing that the defendant was not in the police station at the time he was being questioned, the State concedes, however, that he was handcuffed, that the police had read him the *Miranda* rights, and that they had informed him that he was the suspect in a stabbing. To determine whether the defendant was in "custody" so as to require application of the *Pirtle/Sims* rule, we apply an objective test asking whether a reasonable person under the same circumstances would believe themself to be "under arrest or not free to resist the entreaties of the police." *Jones,* 655 N.E.2d at 55.

In addressing this question previously, we have looked to whether the police physically restrained the defendant or whether the defendant was "interrogated in a manner implicating the Fifth Amendment and necessitating the giving of *Miranda* warnings." *Id.* at 56. In this case, both factors were present. The police handcuffed the defendant upon the identification by the bartender and read him the *Miranda* warnings. We therefore find that the defendant was in custody and that the police improperly asked for and acted upon the defendant's consent to search without first advising him of his right to counsel in making the decision whether to give consent. Thus, his consent was invalid and the evidence seized as a result of the search was improperly admitted.

However, not all error rises to the level of reversible error. *Hardin v. State,* 611 N.E.2d 123, 131 (Ind.1993). If the error committed by the trial court does not affect the outcome of the trial, we deem it harmless.[1] Had the trial court correctly suppressed the evidence resulting from the improper search, it would have excluded the blood-stained T-shirt and jeans. However, the other evidence properly included the defendant's bloodstained shoes, which had been removed from the defendant's person and genetically matched the victim's blood. The court also had the undisputed testimonies of the State's witnesses, each of whom consistently identified the defendant as the man who had earlier argued with Padgett and later ran up to him and stabbed him with a knife. We can confidently say that the improper admission of evidence in this case was

---

1. Neither of the parties questioned or addressed the proper standard of review for harmless error analysis for violations of Indiana constitutional rights. We note that various approaches are used. *See, e.g., Campbell v. State,* 622 N.E.2d 495, 499 (Ind.1993) (The violation "cut at the heart of the jury determination of these crucial matters and prejudiced appellant's substantial rights."); *Walker v. State,* 607 N.E.2d 391, 396 (Ind.1993) (The denial of the right "can be harmless error where there is evidence for conviction that is so convincing that a jury could not prop- erly find otherwise."); *Brady v. State,* 575 N.E.2d 981, 989 (Ind.1991) (The error was not harmless where violations allowed numerous incriminating statements); *Batchelor v. State,* 189 Ind. 69, 78–79, 125 N.E. 773, 776 (1920) (The denial of a state constitutional right "requires reversal, unless the record clearly shows that the right was waived or that no injury could have resulted to the accused by reason of such denial."). For the purposes of our analysis in this case, we will determine whether the error was harmless beyond a reasonable doubt.

harmless beyond a reasonable doubt, in light of the overwhelming evidence of guilt.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY, and BOEHM, JJ., concur.