## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 02 2016, 7:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Timothy J. Lemon
Knox, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary Chavez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 2, 2016

Court of Appeals Case No.
75A05-1509-CR-1460

Appeal from the Starke Circuit Court

The Honorable Kim Hall, Judge

Trial Court Cause No.
75C01-1406-MR-1

**May, Judge.**

[1] Gary Chavez appeals his conviction of murder.[1] Chavez argues there was insufficient evidence to support his conviction. He also argues his sentence is inappropriate. We affirm.

## Facts and Procedural History

[2] Chavez and Kim Chavez married in the early 1990s. After two to four years, the marriage began to fall apart. They lived separately several times during their marriage but never divorced. Kim dated other men during their marriage, but Chavez did not date. In June of 2014, Kim was living with her boyfriend of one year.

[3] Chavez texted Kim on the morning of June 6, 2014, saying he was sick. Kim replied that she would call him after work. A few hours later, Chavez texted Kim that he could not breathe and thought he was dying. Kim called Chavez's telephone, but he did not answer. Kim decided to drive to Chavez's house to check on him. When she arrived, Kim left her purse and phone in her car and went into Chavez's house.

[4] Chavez viciously beat Kim and stabbed her multiple times, puncturing her carotid artery. Chavez continued to beat Kim and fractured her skull in multiple places. Chavez dragged Kim's body outside, leaving visible blood

---

[1] Ind. Code § 35-42-1-1(1) (2007).

stains. Chavez placed a grill cover over Kim's body and put her next to his house.

[5] Chavez went back into his house, grabbed a revolver and ammunition, and drove to a store's parking lot. An employee of the store, Bryant Wagner, was about to leave for lunch and had his car door open. Chavez walked toward Wagner while pointing the gun at him and told him to get back into the car. Chavez told Wagner that he was taking the car. Wagner slid into the passenger seat, and Chavez got into the driver's seat. Chavez drove away from the store while continuously aiming the gun at Wagner. Chavez told Wagner he killed Kim and he was going to Valparaiso to kill Kim's son.

[6] When Wagner's car became low on fuel, Chavez began to look for another vehicle to steal. Chavez followed an SUV into a residential driveway. After the SUV parked, Chavez got out of Wagner's car, pointed his gun at the SUV's driver, and stole the SUV. One of the victims called the police.

[7] Shortly after stealing the SUV, its engine began to smoke. Chavez pulled over and turned off the car. Two men started to walk towards Chavez to see if they could help. Chavez told them he had a gun, and he stole one of their trucks. The wife of one of the men called the police. A police chase ensued, and the police were able to stop the truck Chavez was driving by using a tire deflation device. Before police could detain Chavez, he shot himself in the face. Paramedics arrived and took Chavez to the hospital.

[8] The State charged Chavez with murder, Class A felony kidnapping,[2] and Class B felony carjacking.[3] On July 31, 2015, the jury found Chavez guilty of all three charges. Chavez's sentencing hearing occurred on August 27, 2015. Kim's family testified about their enormous grief following Kim's death. The trial court found an aggravator in the violent and savage way Chavez beat and stabbed Kim. The court found mitigating factors in Chavez's lack of criminal history and the hardship on his family. The trial court sentenced Chavez to sixty-five years for murder, thirty years for Class B felony kidnapping, and ten years for Class C felony carjacking. The trial court ordered Chavez to serve his sentences consecutively.

# Discussion and Decision

### I. Sufficiency of the Evidence

[9] "[A] reviewing court does not reweigh the evidence or judge the credibility of the witnesses." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). "[A]ppellate courts must consider only the probative evidence and reasonable inferences supporting the verdict." *Id.* If a reasonable fact-finder could find guilt beyond a reasonable doubt, reviewing courts must affirm. *Id.*

---

[2] Ind. Code § 35-42-3-2(a)(2) (1978).

[3] Ind. Code § 35-45-5-2(2) (1993).

[10]  Chavez challenges only his conviction of murder. Because the State charged Chavez with an intentional killing, to obtain a conviction, it had to prove beyond a reasonable doubt that he intentionally killed Kim. *See* Ind. Code § 35-42-1-1(1) (2007). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). Intent to kill can be inferred from the circumstances of the crime and type of the attack. *Fuentes v. State*, 10 N.E.3d 68, 75 (Ind. Ct. App. 2014), *trans. denied*. One might also infer the intent to kill from the use of a deadly weapon in the commission of the crime. *Id.* Harming an unconscious victim strengthens the inference of intent to kill. *Zickefoose v. State*, 388 N.E.2d 507, 509 (Ind. 1979).

[11]  Chavez asks us to reweigh the evidence, which we cannot do. *See McHenry*, 820 N.E.2d at 126. Chavez argues that a reasonable fact-finder could not find beyond a reasonable doubt that he intentionally killed Kim. However, Chavez texted Kim, saying he felt ill. Kim tried to comfort him through texting, but he said he thought he was dying. Kim then attempted to call him, but Chavez did not answer his phone. Kim, worried about Chavez's health, went to his house. Chavez then brutally beat Kim and stabbed her multiple times. Chavez caused fatal injuries to Kim by stabbing her, but he continued his brutal attack and fractured her skull in multiple areas. This is sufficient evidence from which a finder of fact could infer Chavez intentionally killed Kim. *See, e.g.*, *Torres v. State*, 673 N.E.2d 472, 473 (Ind. 1996) (holding there was sufficient evidence to

infer intent because defendant returned to the area of an altercation and stabbed the victim).

## II. Appropriateness of Sentence

[12] "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. App. Rule 7(b). "[A] defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). A court reviewing the sentence must give some deference to a trial court's decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Whether a crime was "particularly egregious" can be considered when determining the appropriateness of a sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*.

[13] Chavez challenges only his sentence for murder. Murder has a sentencing range between forty-five and sixty-five years and an advisory sentence of fifty-five years. Ind. Code § 35-50-2-3 (2007). The trial court sentenced Chavez to sixty-five years in prison for the murder. During the sentencing hearing, the judge noted Chavez

> planned to kill her. He lured the victim to his home by manipulating her sympathy and her concern for his well-being. Then, the Court finds the defendant brutally beat and stabbed the victim in order to inflict the maximum amount of pain so that

she would suffer a painful death. Then, the defendant hid the victim's body, which demonstrates his criminal intent.

(Sentencing Tr. at 43.)

[14] Chavez murdered Kim in a particularly heinous and egregious manner. Chavez planned the murder, took advantage of Kim's sympathy for him, brutally inflicted painful and deadly injuries, and hid her body outside his house in a grill cover. Chavez's lack of criminal history and the effect of the sentencing on his family do not overcome his atrocious acts. We see nothing inappropriate about his receiving the maximum sentence for murder. *See Rhoton v. State*, 938 N.E.2d 1240, 1248 (Ind. Ct. App. 2010) (holding a sixty-five year sentence for murder was appropriate because the heinous nature of killing someone who was sleeping or lying down outweighed the mitigating factors of age, poor health, and previous kind acts to victim), *trans. denied*.

# Conclusion

[15] There was sufficient evidence for a reasonable fact-finder to conclude beyond a reasonable doubt Chavez intentionally killed Kim. His sixty-five year sentence for murder is appropriate in light of the egregious way Chavez murdered Kim. Accordingly, we affirm.

[16] Affirmed.

Kirsch, J., and Crone, J., concur.