## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 19 2017, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kimberley M. Couch,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 19, 2017

Court of Appeals Case No.
32A01-1704-CR-878

Appeal from the Hendricks
Superior Court

The Honorable Rhett M. Stuard,
Judge

Trial Court Cause No.
32D02-1607-CM-1089

**Bailey, Judge.**

# Case Summary

Kimberley M. Couch ("Couch") appeals her conviction of Possession of Paraphernalia, as a Class C misdemeanor.[1] She challenges the admission of evidence obtained during a warrantless search of her residence.

We reverse.

# Facts and Procedural History

On July 9, 2016, Couch answered a knock at her front door. At the door was Hendricks County Sheriff's Department Deputy Robert Lenover ("Deputy Lenover") responding to a complaint that an odor of marijuana had emanated from the residence. Deputy Lenover asked if Couch was the homeowner and Couch replied that she was renting the property. Couch then stepped outside.

Deputy Lenover told Couch that he smelled marijuana, at which point Couch admitted to smoking marijuana before he arrived. Deputy Lenover read Couch her *Miranda* rights and then told Couch that he could either apply for a search warrant or she could let him inside and give him the contraband. Couch agreed to let Deputy Lenover enter the residence.

Once inside, Couch gave Deputy Lenover a hollowed-out book containing rolling papers and a smoking pipe. Shortly thereafter, a houseguest retrieved a

---

[1] Ind. Code § 35-48-4-8.3(b)(1).

bag containing a plant material that resembled marijuana. Deputy Lenover then advised Couch that he would apply for a criminal summons.

[6] Couch was charged with Possession of Marijuana, as a Class B Misdemeanor,[2] and Possession of Paraphernalia, as a Class C misdemeanor, and a bench trial was conducted on February 10, 2017. The trial court found Couch not guilty of Possession of Marijuana and guilty of Possession of Paraphernalia, and imposed a suspended jail sentence of sixty days and 180 days of probation.

[7] Couch now appeals.

# Discussion and Decision

[8] Couch argues, as she did at trial, that the evidence procured during the warrantless search was inadmissible because it was obtained in violation of her constitutional rights under the Fourth Amendment to the United States Constitution and Article 1, section 11 of the Indiana Constitution. A trial court has broad discretion in ruling on the admissibility of evidence but where a constitutional violation is alleged, our standard of review is de novo. *Leonard v. State*, 73 N.E.3d 155, 168 (Ind. 2017). Moreover, where our constitutional evaluation depends on disputed historical facts, we "consider conflicting evidence most favorably to the trial court's ruling." *Campos v. State*, 885 N.E.2d

---

[2] I.C. § 35-48-4-11(a)(1).

590, 596 (Ind. 2008). Thus, we do not reweigh the evidence but we decide de novo whether the evidence established the constitutionality of a search.[3] *See id.*

[9] Here, Deputy Lenover conducted a warrantless search of the residence. Warrantless searches are "per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). "One well-recognized exception to the warrant requirement is a voluntary and knowing consent to search." *Krise v. State*, 746 N.E.2d 957, 961 (Ind. 2001). Moreover, Article 1, section 11 of the Indiana Constitution "requires that a person in custody explicitly waive the right to counsel before giving a valid consent to a search.'" *Clarke v. State*, 868 N.E.2d 1114, 1119 (Ind. 2007) (citing *Pirtle v. State*, 263 Ind. 16, 323 N.E.2d 634, 640 (1975)). Accordingly, for a person in custody to validly consent to a search, the person must be informed of the right to consult with counsel. *Jones v. State*, 655 N.E.2d 49, 54 (Ind. 1995) (noting the requirement of a *Pirtle* advisement and that a *Miranda* warning is insufficient).

[10] Couch argues that she was in custody when she agreed to the search and that because she was not informed of her right to consult with counsel, she did not tender valid consent. In distinguishing between custodial encounters and non-custodial encounters, we consider the circumstances of the encounter and

---

[3] Couch argues that, at one point, the trial court applied the incorrect standard in reviewing her constitutional claim. However, because we are conducting de novo review of this question of law, we need not address Couch's contention.

"appl[y] an objective test asking whether a reasonable person under the same circumstances would believe that she was under arrest or not free to resist the entreaties of the police." *Jones*, 655 N.E.2d at 55. Indeed, the aim of *Pirtle* and its progeny is to "police the line between ordinary investigative detentions and full-blown custodial interrogations by examining the circumstances for objectively overpowering, coercive, or restraining police behavior, such that the facts demonstrate a degree associated with a formal arrest." *Meredith v. State*, 906 N.E.2d 867, 873-74 (Ind. 2009) (quotation marks omitted). Several circumstances are relevant to this inquiry, including but not limited to

> whether the defendant was read his *Miranda* rights, handcuffed, restrained in any way, or told that he was a suspect in a crime, *e.g.*, *Torres v. State*, 673 N.E.2d 472, 474 (Ind. 1996); how vigorous was the law enforcement interrogation, *e.g.*, *Sellmer v. State*, 842 N.E.2d 358, 363-65 (Ind. 2006); whether police suggested the defendant should cooperate, implied adverse consequences for noncooperation, or suggested that the defendant was not free to go about his business, *e.g.*, *id.*; *Clarke*, 868 N.E.2d at 1120-21; and the length of the detention, *e.g.*, *Cooley v. State*, 682 N.E.2d 1277, 1279 (Ind. 1997).

*Id.* at 874.

[11] Here, Deputy Lenover initiated contact with Couch and confirmed that she occupied the residence. When Couch stepped outside, Deputy Lenover stated that he smelled marijuana—a point when any reasonable person would feel under suspicion. Couch then made an incriminating admission and, immediately thereafter, Deputy Lenover gave a *Miranda* advisement and sought

consent to search the residence. When viewed objectively, we conclude that these circumstances were sufficiently coercive to require the constitutional protection of a *Pirtle* advisement. That is, "a reasonable person under the same circumstances would believe that she was under arrest or not free to resist the entreaties of the police." *Jones*, 655 N.E.2d at 55; *see Peel v. State*, 868 N.E.2d 569 (Ind. Ct. App. 2007) (identifying a prior incriminating admission as a key factor when concluding that a police encounter had become custodial); *State v. Linck*, 708 N.E.2d 60, 63 (Ind. Ct. App. 1999), *trans. vacated* (determining that the defendant was in custody after admitting to smoking marijuana "because a reasonable person would not have felt free to leave following that admission").

[12] Because Couch did not receive a *Pirtle* advisement, Deputy Lenover did not obtain valid consent to search the residence. Moreover, the State has not identified any other exception to justify the warrantless search. Thus, the warrantless search offended the Indiana Constitution and the trial court erred in admitting evidence procured during the search. Disregarding that evidence, there is insufficient evidence to support Couch's conviction of Possession of Paraphernalia. We therefore reverse and order the trial court to vacate the conviction.

# Conclusion

[13] The trial court erred in admitting evidence obtained during an unconstitutional search of Couch's residence.

Reversed.

Baker, J., and Altice, J., concur.